### M. E. CROUCH v. THE STATE.

No. 2983. Decided March 16, 1904.

**Perjury—Variance.**

Where the evidence sharply raised the' issue whether the clerk of the court, or the judge administered the oath upon which the perjury was alleged, it being alleged that the clerk administered the oath, the court should have given the requested charge covering this issue.

Appeal from the District Court of Frio. Tried below before the Hon. E. A. Stevens.

Appeal from a conviction of perjury; penalty, imprisonment for five years in the penitentiary.

No statement necessary.

*C. A. Davies, Jno. T. Bivens,* and *Magnus Smith,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of perjury, and his punishment assessed at confinement in the penitentiary for a term of five years; hence this appeal.

The indictment alleges that appellant was sworn as a witness in the case of the State of Texas v. Jake Crouch, by S. W. Thomas, clerk; this being the case in which the perjury was alleged to have been committed. A sharp issue was drawn by the testimony on this allegation. The State introduced proof tending to show that the witness was sworn by S. W. Thomas, as alleged; and defendant introduced proof tending to show that the oath was administered to him by E. R. Lane, the district judge. The court instructed the jury in the charge applying the law to the facts, if they believed, etc., in the case of the State of Texas v. Jake Crouch, being tried in said court, the defendant was sworn as a witness in behalf of the State in said case by S. W. Thomas, etc., that he swore falsely as alleged, etc., he would be guilty of perjury as charged. Appellant asked a special charge to the effect that if the jury believed that the oath was administered to appellant as a witness in said case by E. R. Lane, the district judge, or if they had a reasonable doubt whether or not said oath was administered by E. R. Lane, the district judge, to acquit defendant. This charge was refused, and appellant assigns it as error. We believe the requested charge should have been given. When appellant raised the issue as to who administered the oath he was entitled to a substantive charge on his defense of variance. 1 Bishop Cr. Proc., 529, sub. 3.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*