## Q. Fallwell v. The State.

No. 3036. Decided March 8, 1905.

**1.—Gaming—Fact Case—Circumstantial Evidence.**

Where the evidence utterly failed to show at what time the card playing
occurred, no date being fixed or sought to be fixed by any testimony, and the
testimony being insufficient to show that the game was played, or sufficient
to bring the case within the rule of circumstantial evidence, the conviction
can not be sustained.

**2.—Same—Private Room in Hotel—Private Residence.**

It is a violation of the law to play cards in a private room of a building
not a private residence occupied by a family, without showing it was fre-
quented for the purpose of gaming; it being a violation of law to play· at any
place except a private residence occupied by a family.

Appeal from the County Court of Deaf Smith. Tried below before
Hon. W. B. Boyd.

Appeal from a conviction of gaming; penalty a fine of $10.

The opinion states the case.

*Carl Gilliland,* for appellant.—It is very doubtful whether the evidence
is sufficient to sustain this conviction. The facts are no stronger than
John Berry v. State, from Jack County, decided February 8, 1905. But,
if the case should be reversed on this account, the court should decide
the question propounded by the agreed statement of facts to wit: Is
it a violation of the law to play cards at a private room in a hotel?
The State insists that it is, unless said room was actually occupied by
a family. Hodges v. State, 6 Texas Ct. Rep., 808.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of gaming,
and fined $10. The complaint charges the offense to have been com-

mitted on the 27th of March, 1904. The information alleges no date. The information is made a part of the statement of facts. The evidence discloses that four men, defendant being one, were in a room, number one, which was the private room of B. B. Pearce, in the Pecos Valley Hotel Building. The door was shut, and locked. The witness on the outside in a hall, had often heard four men talking, the defendant being one, and knew their voices. The witness further states he heard B. B. Pearce say, "Give me three cards and lend me $2.50." Defendant said, "Here it is." Pearce was one of the four men in the room. This witness further testified he heard noise like the shuffling of cards while outside the door, and thought Johnson was dealing. This witness, who was the sheriff, went into the room, but did not see any cards; did not look for any. One of the men in the room (Johnson) ran under the bed, and when pulled out by the sheriff said, "This is me and I don't deny it." When the sheriff went to the door Pearce said, "It is a pity a man can't play a game of dominoes without some damn son of a bitch eavesdropping." Witness was admitted when he informed the parties who he was. He did not see any dominoes. It was proved by Allegood that he was the proprietor of the Pecos Valley Hotel at the time of the alleged playing, and that Pearce's room was in said building.

It is contended that this evidence is not sufficient to justify the conviction. In our opinion the position is well taken. The evidence utterly fails to show at what time the card playing occurred, if such thing happened. No date is fixed or sought to be fixed by any witness. Nor is the testimony sufficient to show that the game was played. There is a strong suspicion from what the sheriff testifies, but it is not sufficient to bring this case within the rule of circumstantial evidence.

The question is asked, if it is a violation of the law to play cards in a private room of a building not a private residence occupied by a family, without showing it was frequented for the purpose of gaming? We answer this in the affirmative. The statute provides, it is a violation of law to play at any place except a private residence occupied by a family. Wilkerson v. State, 6 Texas Ct. Rep., 970. The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Henderson, Judge, absent.