### BOB HAIL v. THE STATE.

No. 3190.     Decided December 6, 1905.

**Occupation Tax—Local Option—License—Statutes Construed.**

There is no statute authorizing a license for the occupation of selling malt liquor in a local option precinct; the license is for selling intoxicating liquors and the State tax thereon is not less than $200. A prosecution for pursuing the occupation of selling malt liquors without a license in a local option precinct is no offense known to the law.

Appeal from the County Court of McLennan. Tried below before Hon. G. B. Gerald.

Appeal from a conviction of pursuing an occupation without license; penalty, ninety days confinement in the county jail.

The opinion states the case.

*Winbourn Pierce,* for appellant. Ex parte Gray, 11 Texas Ct. Rep., 734.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was prosecuted in the county court, under an indictment charging him with pursuing the occupation of selling malt liquors without having procured a license. The occupation being taxed $50 by the State and $25 by the county. The record shows that if the occupation was followed at all, it was in a precinct where local option prevailed. There is no statute authorizing a license for the occupation of selling malt liquors in a local option precinct. The license is for selling intoxicating liquors in a local option district, and the State tax thereon is not less than $200. It follows, therefore, that appellant was not prosecuted for any offense known to the law. The judgment is accordingly reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*