### EDNA BOWEN v. THE STATE.

No. 1528.    Decided January 24, 1912.

**1.—Private Theft—Charge of Court—Possession—Explanation.** ·

Where, upon trial of private theft from the person, the defendant claimed that she received the property alleged to have been stolen from another, the court instructed the jury that in that event to acquit defendant, there was no error in the court's failure to instruct the jury that the State must prove such explanation false.

**2.—Same—Continuance—Subsequent Application.** `

Where, from the record on appeal, a motion for continuance appeared to be a subsequent application not sufficient on its face, the same was correctly overruled.

Appeal from the Criminal District Court of Dallas.    Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of theft from the person; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of privately stealing from the person of Blankenship a watch. The case is one of circumstantial evidence, the State relying upon the fact that appellant handed the watch to a witness named Jefferson shortly after it was taken from the owner, Blankenship. Jefferson was indicted for the theft and turned State's evidence under some sort of agreement with the county attorney. The State introduced Mr. Kennedy, who testified that appellant made a statement to him in answer to an inquiry in regard to the watch. She stated that she had given it to John Jefferson, and that he then had the watch. The witness further asked her where she got the watch, and her reply was that she got it from Marcella Evans. She further said to him, in this connection, that if he would let her out of the room where they were that she would go and get the watch and bring it to the witness. He said all right, and let her go out of the door, and while she was out hunting John Jefferson a policeman arrested her and John Jefferson. This witness had not said anything to her with reference to arresting her. Appellant testified in her own behalf exonerating herself of any criminal connection with the taking of the watch, and that she had received it from Marcella Evans to hold for her.

Appellant asked a charge in writing to the effect that if the defendant gave a reasonable account of her possession of the stolen watch the State must prove it false; otherwise she should be acquitted. This was refused. The court instructed the jury in this connection that if appellant received the watch from Marcella Evans she should be acquitted. This was the account given by appellant of her possession of the watch. We are of opinion that this question was sufficiently submitted by the court's charge. Her theory of the case was that she did not steal the watch, but received it from Marcella Evans, who had stolen it. This, if true, would raise two questions under the facts: First, if she received it knowing it to have been stolen, she would be a receiver of stolen property and not the thief; second, if she received it without the knowledge on her part of the fact that it was a stolen watch she would not be guilty of any offense. We think the court fairly submitted this question to the jury. We have not here given the full language of the charge given, but only the substance. We think there is no such error in this matter as would require a reversal of the judgment.

It is also contended the court erred in not granting a continuance. The application itself alleges it was the first continuance sought. The court qualified the bill by stating that as he viewed the matter it was the third application. It is stated by the judge that the case was twice postponed during the month of March for a few days each time at the instigation of appellant, and this was, in his judgment,

the third application for continuance. This was made after two postponements of the case. We are of opinion as this matter is presented, the application itself is not sufficient on its face and that there was not sufficient diligence.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*