## W. S. ELY v. THE STATE.

### No. 2596. Decided June 25, 1913.

**Local Option—Sale—Gift—Circumstantial Evidence—Charge of Court.**

Where, upon trial of a violation of the local option law, there was evidence both as to a gift and to a sale and the question of sale depended entirely upon circumstantial evidence, a. failure of the court to instruct on circumstantial evidence as to such sale was reversible error.

Appeal from the District Court of Freestone. Tried below before the Hon. H. B. Daviss.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Boyd, Bell & Fryer,* for appellant.—On question of court's failure to charge on circumstantial evidence: Nix v. State, 55 Texas Crim. Rep., 54, 114 S. W. Rep., 805; Broadnax v. State, 150 S. W. Rep., 1168; Cabrera v. State, 56 Texas Crim. Rep., 141, 118 S. W. Rep., 1054; Puryear v. State, 28 Texas Crim. App., 73; Trijo v. State, 45 Texas Crim. Rep., 127; Guerrero v. State, 46 id., 445; Early v. State, 50 id., 344; Beason v. State, 63 S. W. Rep., 633; Burrell v. State, 18 Texas, 713.

On question as to what constitutes a sale: Johnson v. State, 55 S. W. Rep., 968; Gay v. Hardeman, 31 Texas, 245.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—From a conviction for violating the prohibition law appellant prosecutes an appeal to this court.

The first ground in the motion for new trial complains of the insufficiency of the testimony to sustain the conviction. We have read the testimony carefully, and think the facts would sustain the verdict. That Jim Thurman obtained a pint of whisky from W. S. Ely, appellant, is shown by the testimony of all the witnesses, both for the State and appellant, but Jim Thurman, the alleged purchaser, and appellant both testify that it was a gift from appellant to him. So the only contested issue in the case is, was it a sale or gift of the whisky. No witness testifies that they saw appellant deliver the whisky to Thurman, nor Thurman pay appellant any money or promise to pay him any, but the sheriff and constable testify to facts and circumstances which would authorize the finding that there was a delivery of the whisky, and circumstances which would authorize the jury to find that there was a sale, but this depends entirely upon circumstantial evidence, and must be deduced from the circumstances. Appellant admits delivery of the whisky to Thurman, but says it was a gift. As there is no positive testimony of a sale, but there is positive testimony as to a gift, and the State sought to overcome this by circumstantial evidence, we think the court should have so instructed the jury upon the request of appellant.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*