## Jake Looper v. The State.

No. 3114. Decided April 29, 1914.

Rehearing denied June 3, 1914.

**Local Option—Detective—Accomplice—Charge of Court.**
     Where, upon trial of a violation of the local option law, the conviction depended upon the testimony of a detective who was employed by the county attorney to ferret out such violations of the law, and to whom the defendant sold the intoxicating liquor, such detective was not an accomplice, and there was no error in the court's failure to submit a charge on accomplice testimony. Davidson, Judge, dissenting.

Appeal from the County Court of Johnson. Tried below before the Hon. J. B. Haynes.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane*, Assistant Attorney General, for the State.

DAVIDSON, Judge.—Appellant was convicted of violating the local option law, his punishment being assessed at a fine of $25 and twenty days imprisonment in the county jail.

The State's witness was named Small. He testified that his home was at Greenville, Texas, and that he was in Johnson County in the employ of the county attorney to "round up a few of these bootleggers. I had not been here over a week then; I came from Cresson here. I was visiting an uncle at Cresson. I was born in Virginia and my home is in Greenville, Texas. Small is my correct name. I went by the name of Ford because I didn't know . . . didn't want any one to know what my real name was when I was working in this detective business. I was going by the name of Ford when I bought some of this whisky. I am to get ten dollars out of every conviction that I help get. . . . I got the money from Mr. Russell, county attorney, with which to buy this whisky. I got five dollars from him about December 14th or 15th. I got it to buy whisky with. The county attorney told me he wanted to round up a few of these bootleggers." The defendant testified: "I met Small down there at the pool hall about the time he says I did. He gave me a drink of whisky, and the next day, or sometime about that time—I had known him around there for about a week—he came in and said he wanted a drink and asked me to go in with him and buy a half pint; I gave him a quarter and he went off and came back with a half pint of whisky. I never at any time sold him a drop of intoxicating liquor. He drunk nearly all of the whisky I went in with him to buy." Without going into a detailed statement of the examination and cross-examination, this presents the theories of the State and the defendant.

There is some evidence of contradictions and matters of that sort that
usually arise in cases of this character which directly and indirectly
affect the weight of the testimony and merits of the case, but the above
is a sufficient statement.

Under the decisions of this court this judgment will have to be af-
firmed.  The detective testifies that he bought the whisky and defendant
denied it.  The writer has had occasion to disagree with the majority
of the court on the force and effect of the evidence of detectives coming in
the shape that this detective places himself, and does not believe that the
conviction ought to be sustained on his uncorroborated evidence.  While it
is true the statute says the conviction may be sustained upon the testimony
of the purchaser of whisky in local option cases, yet it has been my
understanding of that statute that it does not protect from the rule of
accomplice testimony a man who deliberately works up cases and induces
his fellowman to commit crime; that that statute has no reference to
that character of case.  But my views have not obtained as the law.
Under the decisions of the court this judgment will be affirmed, and it
is accordingly so ordered.

*Affirmed.*

[Rehearing denied June 3, 1914.—Reporter.]