Ella Henderson v. The State.

No. 4601. Decided October 10, 1917

Theft of Turkey—Circumstantial Evidence—Charge of Court.

Where, upon trial of theft of a turkey, appellant contended that the evidence was insufficient to sustain the conviction, to which contention this court is inclined to agree, yet it is not necessary to pass thereon, as the conviction rested entirely upon circumstantial evidence, upon which the court failed to submit a requested charge, and for this error the judgment must be reversed and the cause remanded.

Appeal from the County Court of Fayette. Tried below before the Hon. George Willrich.

Appeal from a conviction of theft of a turkey; penalty, one month confinement in the county jail.

The opinion states the case.

*John T. Duncan*, for appellant.

*E. B. Hendricks*, Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted of the theft of a turkey or some turkeys. She contends that the evidence is insufficient to sustain a conviction. We are inclined to think that her contention is correct. However, as the case must be reversed on another ground, it is unnecessary to decide this point. And as the case is to be reversed we will not discuss the testimony, though we have carefully read it.

Even if the evidence could be held sufficient to sustain the conviction, then there is no testimony whatever, other than circumstantial, to show a taking by appellant. Where this is the case it is always necessary for the court to charge on circumstantial evidence. The court did not so charge, although proper objection at the proper time was made to his charge for that reason, and a special charge on the subject was requested and refused. This was error for which, of course, the judgment must be reversed. This principle is so well settled by so many cases it is unnecessary to cite them, but see 2 Branch's Ann. P. C., sec. 2478, where he collates a large number of the cases.

Reversed and remanded.

*Reversed and remanded.*