DICK RENFRO v. THE STATE.

No. 4708. Decided November 21, 1917.

1.—Gaming—Insufficiency of the Evidence—Circumstantial Evidence.

Where, upon trial of gaming, the evidence was purely circumstantial, and that of the State entirely consistent with that of the defendant to the effect that he was expecting to play a game of cards on the coming of certain other parties but that it had not begun, and besides the court failed to charge on circumstantial evidence as requested, the conviction could not be sustained. Following Fallwell v. State, 48 Texas Crim. Rep., 35, and other cases.

2.—Same—Severance—Bill of Exceptions.

Where the motion for severance was apparently sufficient and should have been granted, yet as presented by the bill of exceptions as qualified by the court, this court is unable to determine whether there was reversibe error in refusing the motion for a severance.

Appeal from the County Court of Cottle. Tried below before the Hon. W. O. Jones.

Appeal from a conviction of gaming at a private residence occupied by a family; penalty, a fine of ten dollars.

The opinion states the case.

*C. C. Renfro* and *J. M. Hawkins,* for appellant.—On question of severance: Dodson v. State, 24 S. W. Rep., 899; Price v. State, 40 id., 596.

On question of insufficiency of the evidence: Cases cited in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of severance: Hart v. State, 61 Texas Crim. Rep., 509; Stanfield v. State, 73 Texas Crim. Rep., 290, 165 S. W. Rep., 216; Anderson v. State, 8 Texas Crim. App., 542.

MORROW, Judge.—The appellant's conviction was for violation of the law against gaming, the specific charge being as follows: "Did then and there unlawfully play at a game played with cards at a place which was not then and there a private residence and then and there occupied by a family."

The statute covering the offense is article 548, P. C. It appeared from the State's testimony that two witnesses, who were officers of the county, entertained suspicions that persons in a certain hotel were engaged in a game of poker, and that they went to the hotel and looked through the transom over the door and recognized appellant and two others sitting on the floor, each of them having money in front of him. One of those witnesses claims he saw a deck of cards in the hands of one of the parties but did not know what kind of cards; saw no spots on them; did not see anybody shuffle the cards or play or bet with or at them; that the door to the room was locked. The other witness testified that he saw appellant sitting on the floor with money in front of him; did not see any cards or anyone playing or betting at any game. He further testified that as they left they met two other parties, namely, Roscoe Renfro and Paul Huff, coming up the steps.

Appellant's testimony was to the effect that he and two other parties who were in the room with him and Mr. Huff and Mr. Renfro had made arrangements to play a game of cards, but did not engage in it for the reason that while they were waiting for Huff and Renfro to return from breakfast and begin the game that the officers came and no game was played. In fact, he stated that they had no cards but were waiting for Huff and Renfro to bring them when they came back from breakfast.

The charge was excepted to because of the failure to charge on circumstantial evidence and the special charge on that subject was refused. This was error. Appellant contends that the evidence was insufficient, and in this we think he was correct. The evidence was purely circumstantial and that of the State entirely consistent with that of the appellant to the effect that they were expecting to play a game of cards on the coming of Renfro and Huff but it had not begun. Fallwell v. State, 48 Texas Crim. Rep., 35; Berry v. State, 85 S. W.

Rep., 14; Hale v. State, 49 Texas Crim. Rep., 105, 90 S. W. Rep., 654; Looper v. State, 56 Texas Crim. Rep., 498, 120 S. W. Rep., 880; Bowen v. State, 65 Texas Crim. Rep., 46, 153 S. W. Rep., 306; Ables v. State, 49 Texas Crim. Rep., 292.

The motion for a severance, which was formal, as required by article 727, Vernon's C. C. P., was filed in order to secure the testimony of Jim Connor. Apparently the motion should have been granted. C. C. P., art. 791, and cases cited in Vernon's Crim. Stat., art. 91, P. C.; Branch's Ann. P. C., pp. 373-374, and cases cited. As presented in the bill of exceptions and qualified by the court we are unable to determine whether there was reversible error in refusing the motion for a severance.

Other questions presented are not likely to arise in the event of another trial.

For the errors pointed out the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*