### RAFAEL CANALES v. THE STATE.

#### No. 5101. Decided November 6, 1918.

**Local Option—Circumstantial Evidence—Charge of Court.**

Where, upon appeal of a violation of the local option law, the conviction was based on circumstantial evidence alone, the court's failure to submit a charge thereon as requested was reversible error.

Appeal from the District Court of Jackson. Tried below before the Hon. John M. Green.

Appeal from a conviction of a violation of the local option law; penalty, eighteen months imprisonment in the penitentiary.

The opinion states the case.

*McCrory & Vance,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was convicted of the unlawful sale of

intoxicating liquors and punishment assessed at confinement in the penitentiary for eighteen months.

The indictment charged the sale to Ramon Sifuentes. The theory of the State was that an officer desiring to entrap violators of the local option law sent the party named in the indictment, Ramon Sifuentes, to purchase a bottle of whisky, giving him a $5 bill; that Ramon got the whisky and delivered it to the officer, together with $3.25 in change, stating that the price of the whisky was $1.75. It was in the night-time and the officer saw Ramon go to appellant's house and talk to appellant and saw the appellant go to a cupboard and reach up and hand something to Ramon, and that Ramon then handed appellant something out of his pocket which the witness supposed to be money and that then the appellant ran his hand in his pocket and gave Ramon something which he supposed to be change.

Ramon, the purchaser named in the indictment, appeared as a witness for appellant and testified that it was his own whisky; that he had bought the whisky and placed it in the house without the knowledge of appellant; that he had gotten permission from appellant to leave a package in the house and that he had several bottles of whisky and left some of them in one place in the house and one of them in the closet; that when he went to the house for the whisky appellant was eating supper and he asked appellant to hand him the bottle out of the dresser; that they then went to the pool room, which seems to adjoin or built onto the house in which appellant lived and appellant gave him change for $5. He claimed that Yarbrough, the officer, owed him some money and that he gave him the whisky and kept the $1.75 because Yarbrough had owed him $1.60 for a year. He claimed that he did not buy the whisky from appellant and did not pay him any money and that the whisky belonged to the witness and not to appellant. It appeared that the witness had been indicted by the grand jury for making the sale. Appellant claimed and testified that he did not sell the whisky and that he did not receive any money for it; that he had given Ramon permission to put a package in his house and this last statement is corroborated by other testimony. He was also corroborated by his wife, who testified that Ramon had asked her husband to give him change and had also asked him to give him the bottle that was on the top of the dresser; that her husband took the bill and went to the cupboard and gave Ramon the package. There were some bottles about appellant's premises which his little boy claimed he collected for the purpose of selling the empty bottles.

The appellant upon the trial raised the point that the conviction rested upon circumstantial evidence and brings here the view that there was error in the action of the court in refusing to so submit it.

It occurs to us that the only proof that the transaction between appellant and Ramon Sifuentes constituted a sale as contended by the State and as charged in the indictment, and was not the transaction described by the alleged purchaser in which he obtained his own whisky

and sold it to Yarbrough, is that which is to be inferred from the facts and circumstances which were developed. The facts that Ramon obtained the bottle of whisky at appellant's house and that appellant handed it to him and that Ramon delivered this whisky to Yarbrough are conceded. That the whisky belonged to appellant or that he previously knew that it was in his house and that he received or was promised any pay for it are contested questions. To overcome the testimony of Ramon, the alleged purchaser, and of appellant and his wife and to establish the fact that the transaction was a sale by appellant, the State, it would seem to us, relies upon circumstances, and that the conclusion of guilt drawn by the jury is from these circumstances, and that in reaching this conclusion they should have been guided by a charge of the court instructing them as to the law of circumstantial evidence and the refusal of the court to so instruct was an error requiring reversal, which is ordered.

Reversed and remanded.

*Reversed and remanded.*