PUNCH YANCEY v. THE STATE.

No. 5222. Decided November 27, 1918.

**Gaming—Betting—Insufficiency of the Evidence.**

    Where, upon trial of unlawfully betting at a game of pool, the evidence was insufficient to sustain the conviction, the judgment must be reversed and the cause remanded.

Appeal from the County Court of Young. Tried below before the Hon. W. P. Stinson.

Appeal from a conviction of gaming; penalty, a fine of ten dollars.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted under an indictment charging him with unlawfully betting and wagering at a game of pool.

It is contended the evidence is not sufficient. The evidence is very brief, covering less than one page of the transcript. The only evidence bearing upon the question as to whether or not appellant bet is to be found in the testimony of the witness Brock. He says: "I played several games of pool with defendant some time in January, 1918, but do not remember the exact day. I went in the pool hall one day some time in January and the defendant and myself played several games of pool. I lost one of the games and defendant lost the others, and we played several games, and when we finished playing I paid him ten cents. There was no conversation between us with reference to any betting before we commenced or at any time. There was nothing said about any bet or wager; we just played several games, and when we finished I paid him ten cents." We are of opinion this evidence does not show that appellant bet as charged in the indictment.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*