Rafael Canales v. The State.

No. 5472.   Decided October 22, 1919.

**1.—Local Option—Evidence—Other Transactions.**

Upon trial of a violation of the local option law, where the ruling of the trial court was based upon the view that there were two sales of the same whisky, one by defendant to one S and another sale by said S to one Y, the fact that said S had been indicted for making the sale to said Y and had pleaded guilty thereto, was not a relevant fact to the issues on trial, there was no reversible error, and where the evidence, although conflicting, sustained the conviction there was no reversible error.

**2.—Same—Accomplice—Charge of Court—Corroboration—Requested Charge.**

Upon trial of a violation of the local option law, there was no error in refusing a requested charge that the main State's witness was an accomplice and that corroboration of his testimony was required, as article 602, Penal Code, provides otherwise in local option cases. Following: Looper v. State, 74 Texas Crim. Rep., 144, and other cases.

**3.—Same—Circumstantial Evidence—Charge of Court.**

Where the court's charge on circumstantial evidence failed to say that reliance was upon that character of evidence alone, but no exception thereto was reserved, there was no reversible error, nor was there any error with reference to this matter in the argument of counsel, in the absence of a requested charge.

Appeal from the District Court of Jackson.   Tried below before the Hon. John M. Green, judge.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*McCrory & Vance,* and *Headingsfelders,* for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.

MORROW, Judge.—This conviction is for the sale of intoxicating liquors, in violation of the local option prohibition law.

On a former appeal this case was reversed. See 84 Texas Crim. Rep., 214; 206 S. W. Rep., 347. The evidence on the former appeal, so far as it relates to the legal questions, is in substance the same as that herein, save that in this appeal Ramon Sifuentes did not testify. The sale was charged to have been made to him. The facts from the State's standpoint show that the witness Yarbrough, an officer, with the object of entrapping violators of the law, gave to Sifuentes a five dollar bill, directing him to use it in purchasing whisky for Yarbrough. That Sifuentes obtained the whisky from the appellant and delivered it to Yarbrough, handing him at the same time $3.25 in change. The theory of the appellant, supported by his

evidence, was that Sifuentes had left whisky at the home of appellant, and that on the occasion in question, Sifuentes requested the appellant to hand him one of the bottles of whisky, and also requested him to change a five dollar bill. That appellant did these things, but was not interested in the whisky, and made no sale of it.

It appears from the bills of exception that Ramon Sifuentes was also indicted and convicted on the plea of guilty of unlawfully selling the same whisky, this prosecution growing out of his transaction with Yarbrough, the indictment against him charging that he had made a sale of liquor to the witness Yarbrough.

The appellant insists that the trial court committed error in refusing to permit proof of these facts. We are unable to concur in this view. The ruling of the trial court was based upon the view that there were two sales of the same whisky—one by appellant to Sifuentes, and one by Sifuentes to Yarbrough, and the fact that Sifuentes had been indicted for making the sale to Yarbrough, and had been convicted upon the plea of guilty, was not a relevant fact or a material one, to the issues which were on trial. It. appears from other evidence that Sifuentes had deposited some bottles of whisky at the home of appellant, and it is claimed by appellant that he was not aware of the contents of the package containing them which Sifuentes left. This was a controverted issue. It also appears from other evidence that Yarbrough, for the purpose of founding a prosecution upon information obtained, inquired of Sifuentes whether he could obtain whisky, and receiving an affirmative answer, gave him the money with which to buy it; that Sifuentes went to the appellant's house and obtained the whisky from the appellant; that Yarbrough watched the transaction, and he testified to circumstances going to show, and which were regarded by the jury as showing, that appellant received pay for the whisky on its delivery by him. The appellant, predicating upon these facts, sought to have the jury instructed that Yarbrough was an accomplice, and that the rule of accomplice testimony requiring corroboration should be applied.

The statute, Article 602 Penal Code, provides: "The fact that a person purchases intoxicating liquor from one who sells it in violation of the provisions of this chapter, shall not constitute such person an accomplice." This refers to the local option law. Its construction by this Court accords with the trial court's ruling in refusing the instruction. Terry v. State, 46 Texas Crim. Rep., 76; Looper v. State, 74 Texas Crim. Rep., 144, 167 S. W. Rep., 342.

In the charge on circumstantial evidence, the court failed to say that reliance was upon that character of evidence alone. No exception to the court's charge is reserved, and except in the particular named it is not subject to criticism. In one of his bills of exceptions the appellant complains that the court refused to give the special charge prepared by him on circumstantial evidence; but a comparison

with the court's main charge discloses that the language used therein and that used in the special charges are identical. Appended to the statement of facts is an agreement that in the argument of the case a conflict of views of the opposing counsels developed upon the effect of the charge. No exception was reserved, so far as the record discloses and the court is not shown to have been called upon in any manner to settle the controversy. If this phase of the argument, in the opinion of the counsel for the appellant, required an additional charge from the court, a request for it should have been made.

The evidence, we think, is sufficient to support the verdict, and there is disclosed by the record no error authorizing a reversal of the judgment. It is accordingly affirmed.

.*Affirmed.*