## Ed Hart v. The State.

### No. 6725.   Decided May 31, 1922.

**Gaming—Insufficiency of the Evidence.**

Where, upon trial of unlawfully playing a game of cards, the evidence was insufficient to sustain the conviction, the judgment must be reversed and the cause remanded.

Appeal from the County Court of Archer.   Tried below before the Honorable Geo. W. Alexander.

Appeal from a conviction of unlawfully playing a game of cards; penalty, a fine of $10.

The opinion states the case.

W. E. Forgy, for appellant.—Cited cases in opinion.

R. G. Storey, Assistant Attorney General, for the State.—

MORROW, Presiding Judge.—The appeal is from a judgment assessing against appellant a fine of $10 for unlawfully playing a game of cards.

The State witness Lea is a Justice of the Peace.   On Sunday afternoon, August 21, 1921, he, in company with one Carrington, went to the City Tank and there saw the appellant and some other parties sitting around in a circle.   The witness crawled up within about twenty-five yards of them, knew all of them, and observed them playing cards.   He went no nearer than twenty-five yards and heard one of the parties say: "I will take one"; another say: "I will take two"; another say: "I will take three"; and another say "I will stand pat."   The witness said that he knew those were terms used in a game of poker; that he could see one of the parties apparently dealing the cards and heard the shuffling of them.   He saw no cards as he was not close enough to see them if they had them, but knew they were playing poker from the terms used; that he was familiar with the game of "forty-two" played with dominoes, and that in that game different terms were used from those detailed; that in that game the bid was "thirty-one, thirty-two and so no."

Shattuck for the defendant testified that on the day in question, he and other parties, some of whom are mentioned as State witnesses, were at the place described and played the game of "forty-two"; that no cards were used, only dominoes; that they went to the tank for the reason that it was cooler there than in the house, the weather being warm.

Brewer testified to the same effect that they did not play with cards

but played "forty-two" with dominoes, and no such terms as those described by the State's witnesses as "I will take one", "I will stand pat", etc., were used by any of the parties. The terms used were "one, two, and three", meaning, of course, "thirty-one, thirty-two, and thirty-three", which are often used in the game of "forty-two".

The witnesses Calvert and Metcalf each testified that on the afternoon upon which the game took place, they went to the place and saw the appellant and others engaged in a game of "forty-two" played with dominoes; that no cards were used; that they watched the game for an hour or more.

Carrington, a witness for the State, testified that he was with the witness Lea, and they together watched the game; that Lea was a little closer than the witness; that he saw the parties sitting in a circle and playing some kind of a game, but was unable to distinguish its character; that neither he nor Lea went nearer than twenty-five yards of the place where the game was in progress.

To prove the essential fact that the game in question was played with cards, reliance is had alone upon circumstantial evidence, that is to say, upon the testimony of the witness Lea touching the language used by the parties during the game. He drew the inference that the parties were playing a game with cards from the fact that they used language which would be commonly used in playing a game of poker. The witness claims to have seen no cards, but as understood the evidence, the case rests solely upon the inference that the jury drew from Lea's testimony that during the progress of the game, he heard the words: "I will take one; I will take two; I will take three; I will stand pat." Against this inference, the appellant had interposed his testimony as well as that of two disinterested witnesses and one other State witness who testified concerning the transaction. From the testimony of the appellant and other witnesses who were present, no game was played with cards, and Carrington, a State witness, who was with Lea, saw no cards and does not state that he heard the expressions to which reference has been made, and which were testified to by Lea, and which were relied upon as the criminating evidence. The use of the words is denied, and testimony given to the effect that in bidding on the game of "forty-two" they used the words: "One, two and three" in connection with their bids. The State does not controvert this by cross-examination of the appellant's witnesses who were present, nor does it controvert it by the State witness who was present; and on the whole, we are of the opinion that the hypothesis of innocence arising from the direct testimony is not overcome by the circumstances relied on by the State.

The witness Lea was at a distance from the parties, and the words that he claims to have heard are not so dissimilar from those which the appellant and others claimed to have used as to support the inference of guilt to a moral certainty. Analogous decisions will be

found in the cases of Renfro v. State, 82 Texas Crim. Rep., 197; Vaughn v. State, 84 Texas Crim. Rep., 166; Yancey v. State, 84 Texas Crim. Rep., 281; Berry v. State, 85 S. W. Rep., 14; Fallwell v. State, 48 Texas Crim. Rep., 35, 85 S. W. Rep., 1069; Ables v. State, 49 Texas Crim. Rep., 292, 92 S. W. Rep., 414; Looper v. State, 56 Texas Crim. Rep., 498, 120 S. W. Rep., 880; Lucas v. State, 57 Texas Crim. Rep., 198, 122 S. W. Rep., 378; Hanks v. State, 17 L. R. A., (n. s.) 1210.

From what we have said, it follows that, in our judgment, a new trial should have been given. For this reason, the judgment is reversed and the cause remanded.

*Reversed and remanded.*