MRS. J. M. BAXTER v. THE STATE.

No. 7666. Decided January 2, 1924.

**Misdemeanor Theft—Circumstantial Evidence—Charge of Court.**

Where, upon trial of misdemeanor theft, the conviction rested wholly upon circumstantial evidence, the Court's failure to instruct thereon, which exception was duly reserved, and a special charge requested which was refused, the same is reversible error.

Appeal from the County Court of Hopkins. Tried below before the Honorable Homer L. Pharr.

Appeal from a conviction of misdemeanor theft; penalty, a fine of one dollar and confinement in the County jail for a period of two days.

The opinion states the case.

*Connor & Ramey* for appellant. Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The offense is misdemeanor theft; punishment fixed at a fine of one dollar and confinement in the county jail for a period of two days.

The property stolen was six and one-half yards of cloth crepe-de-chine of the value of $3.25. According to the State's theory, the piece of cloth was lost in the store of Ed Barker in the latter part of April, 1922. Some thirty days later, a piece of cloth identified by Barker was found in the possession of Mrs. Stidham. When found the cloth was of a different color. The cloth was purchased by Mrs. Stidham from the appellant at a date not remembered by the purchaser. At the time of the sale, appellant stated that she had purchased the article from a certain store in Sulphur Springs. Testimony was introduced controverting the claim of purchase.

According to the appellant's theory, supported by her testimony and by that of others, the article which she sold to Mrs. Stidham was purchased by her and had been in her possession for a month or two prior to the time of the loss of the article in question. Both direct and circumstantial evidence was produced to support that theory. Appellant testified to the purchase of the cloth and gave as a reason for selling it that she needed some money for a member of the family and did not want to inform her husband of the fact.

There is no occasion to set out the evidence in detail. No one claims to have seen the taking. The State's reliance was wholly upon circumstances.

The court failed to embody the law of circumstantial evidence in its charge. Exception was duly served and a special charge was requested and refused. This action of the court is properly here for review. Error was committed and a reversal must follow. Flores v. State, 13 Texas Crim. App., 668, and other cases collated by Mr. Branch in his Ann. Tex. P. C., Sec. 2478.

Upon another trial, if requested, an appropriate charge instructing upon the appellant's affirmative defense of purchase should be given. Branch's Ann. Tex., P. C., Sec. 2465.

Because of the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*