## Bob Brownlee v. The State.

### No. 8269.   Decided April 16, 1924.

**Unlawfully Selling Intoxicating Liquor—Insufficiency of the Evidence.**

Where, upon trial of unlawfully selling intoxicating liquor, the evidence is purely circumstantial and insufficient to support the conviction, the judgment must be reversed and the cause remanded.

Appeal from the District Court of Red River.   Tried below before the Honorable Ben H. Denton.

Appeal from a conviction of unlawfully selling intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Sturgeon, Sturgeon & West*, and *T. T. Thompson*, for appellant.

*Tom Garrard*, Attorney for the State and *Grover C. Morris*, Assistant Attorney for the State.

MORROW, Presiding Judge.—The appeal is from a conviction of the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

According to the State's evidence, the appellant resided upon the farm of the witness Woods in a house containing four rooms and situated about 400 yards from the house of said witness. A barn was situated about sixty yards from the house. No one lived in the house except the appellant and his wife and children. The witness J. D. Woods testified that he saw Fred Bell and Frank Stephens together in the neighborhood of the appellant's home and each of them had a half-gallon of whisky.

Bell's testimony was in substance this: He had bought a gallon of whisky on the night previous to his arrest. He got it at night upon a certain road near the Wood's farm, though in what direction from the appellant's house he was not able to state. He and Stephens went to a point near the barn and by the side next to the house and hollered "Hello." A man whom he did not recognize appeared. Owing to the darkness, he would not say whether the man came out of the house, but he was dressed in white. The man was told by Bell that he "heard he had something." The man disappeared and returned in about fifteen minutes with whisky in fruit jars, for which he was paid a certain amount of money. The witness was unable to identify the appellant or to give any description of him. On the next day after the arrest of Bell, because of his possession of the whisky, the officer went to the home of the appellant but was unable

to find him. He was not seen about the place for several days. It was shown that under his agreement with Woods, it was his privilege and custom to go away from home and work for other people.

The evidence is purely circumstantial, and in our judgment, is insufficient to support the conviction. All that can be said is that after Bell was arrested and found in possession of the whisky, he explained his possession of it by the statement that he had gotten it at night-time from a person whom he did not know and who was near the house on the farm of Woods. It might have been the appellant but the facts proved do not exclude the hypothesis that it was some other person, and establish his guilt to a moral certainty.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*