Mose Davis v. The State.

No. 8487.   Delivered November 19, 1924.

Rehearing denied, January 14, 1925.

1.—Transporting Intoxicating Liquor—Circumstantial Evidence—Charge on—
Unnecessary When.

When arrested by the officers, appellant was driving his own wagon along a public road, and when stopped by officers, after seeking to escape, a quantity of whisky was found in the wagon in a sack, and a bottle of whisky on the spring seat, under a quilt which.covered it.   Appellant denied ownership of the whisky, claiming that it belonged to a negro named "Big Boy" who was in the wagon with him, and who ran and escaped when the officers appeared. Under these facts the court did not err in refusing a charge on circumstantial evidence, and especially so in the light of the court's charge that if appellant did not know of. the presence in the wagon of the whisky which was found therein, he should be acquitted.

ON MOTION FOR REHEARING.

2.—Same—Circumstantial Evidence—Juxtaposition to the Main Fact.

That appellant transported the liquor in question seems proven by direct evidence, beyond question.   The whisky was in his wagon.   He was driving the wagon.   The whisky was tied to, and on the seat.   He was carrying it from one place to another.   The criminative circumstances are in such juxtaposition to the main fact, that the omission to give the charge on circumstantial evidence, if error, was not calculated to injure defendant's rights. See Cabrera v. State 56 Tex Crim. Rep. 150.

3.—Same—Charge of the Court—If Erroneous, Not Reversible—When.

By the terms of Art. 743 of our C. C. P., we are forbidden to reverse causes for errors or omissions in the charge, unless same were calculated to injure the rights of the accused.   Under the facts and circumstances in this case, we do not believe that the failure of the court to charge on circumstantial evidence was of such a character, as to demand a reversal of the case.

Appeal from the District of Freestone County.   Tried below before the Hon. J. R. Bell, Judge.

Appeal from a conviction for transporting intoxicating liquor; penalty, two years in the penitentiary.

*Williford & Geppert, Fairfield* and *T. H. Bonner, Fairfield,* for appellant.

*Tom Garrard, State's* Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Freestone County of transporting intoxicating liquor, and his punishment fixed at two years in the penitentiary.

On the occasion in question officers started to the house of appellant in a car. For some reason they stopped at the end of a bridge over a creek. About the same time a mail carrier stopped at the other end of said bridge. Appellant was observed coming along the road in a wagon accompanied by his wife, and a boy, who fled when he discovered the officers. When directed to stop as he approached the bridge, appellant did not do so but instead, to use the expression of one of the witnesses, he "poured the whip to his mules" and undertook to cross by a road which went beside the bridge. As appellant came up to the bank on the other side one of the officers rushed over and caught the head of his mules and stopped him. Search of the wagon of appellant disclosed the presence of a quantity of whisky, most of it being in a sack which was suspended from the springs of the spring seat apparently to prevent the breaking of the glass containers in which the whisky was. However, there was a bottle of whisky in said spring seat under a quilt which covered it. On the trial appellant and his wife both testified that they left their home to go to town on the morning in question and that at a certain point a negro named Myers, called by the witnesses "Big Boy," got into the wagon and that he had something in a sack. They testified that presently a negro boy named Weaver also got in the wagon and rode with them. They further testified that when they came in sight of the bridge something was said about detectives or rangers and "Big Boy" jumped out of the wagon and fled, and that Weaver also a little later jumped out and ran away. Appellant and his wife both positively deny having anything to do with any whisky or liquor that was found in the wagon. In addition to the officers who were at the bridge, the State introduced the boy Weaver who testified that "Big Boy" was not in the wagon at all and did not run away.

Appellant insists that the court erred in not instructing the jury on the law of circumstantial evidence, and an exception was reserved to the charge of such failure. The learned trial judge did tell the jury that if they found from the evidence that appellant did not know of the presence in the wagon of the whisky which was found therein, or if the jury had a reasonable doubt as to whether he knew of its presence, he should be acquitted. Appellant cites many authorities on the proposition of this being a case of circumstantial evidence. We have examined them and are unable to agree that they are in point. In the Newton case, 250 S. W. Rep., 1036, the accused was not driving the car in which the liquor was found but was in it with another man. A quantity of liquor was found in the car, and a bottle in the pocket of the accused. The charge was possession for purposes of sale. Apparently the personal possession of a small bottle of liquor alone would hardly justify the conclusion of such possession for purposes of sale, but the possession of the quantity of liquor found in the

car being only inferential proof of such possession in the accused, we held it a case of circumstantial evidence.

Bookout v. State, 255 S. W. Rep., 441, was a charge of manufacture of liquor, the only guilty circumstance being the fact that officers found the accused at a still apparently stirring something white in a bucket. He testified and supported himself by other witnesses, to the effect that he had just come upon the still in passing through the woods and his curiosity being aroused at the sight of white substance in the bucket, that he took a stick and punched it a few times. Under these circumstances we deemed it a case of circumstantial evidence.

Weaver v. State, 257 S. W. Rep., 253, was clearly a case of circumstantial evidence, the appellant being seen to carry wood toward where a still was located, accompanying this action by a declaration of his intention. Gentry v. State, 257 S. W. Rep., 1102, evidences a request by a prospective purchaser that the accused get him some whisky and leave it at a certain place. He gave Gentry a check and later found the whisky at the place. This was clearly a case of circumstantial evidence. Anderson v. State, 213 S. W. Rep., 639, and Henderson v. State, 197 S. W. Rep., 869, were cases of murder and theft respectively in which there was no positive proof of participation by the accused in the act constituting the offense. Canales v. State, 206 S. W. Rep., 347, was a case charging a sale of liquor in which there was no direct testimony of a sale by the accused. Ely v. State, 158 S. W. Rep., 806, presents a case in which there was a contest in evidence as to whether the transaction was a sale or a gift, the evidence of its being a sale being only inferential. Renfro v. State, 198 S. W. Rep., 957, and Bell v. State, 206 S. W. Rep., 516, were gaming cases and were clearly upon circumstantial evidence.

Brownlee v. State, 260 S. W. Rep., 865, is also cited, it being a case in which the party bought some liquor at night from a man whom he did not know and of whom he could not give any description, and we held it a case of circumstantial evidence. Baxter v. State, 257 S. W. Rep., 253, is cited. Same is a theft case in which the State relied upon possession, and this has always been held to present a case of circumstantial evidence.

Belson v. State, 260 S. W. Rep., 197, is a case in which the officers found a still on appellant's premises and he said to one of them, "You have got me." There was no other proof of his connection with the still and no further admission, and we deemed it a case of circumstantial evidence.

In the case at bar there seems no question as to the fact that appellant was driving the wagon along a public road, sitting on a spring seat. Under the spring seat in a sack, the upper end of which was wrapped around the springs of the seat, was a quantity of whisky in glass jars. In the spring seat on which appellant was sitting, under a quilt lying over same, was a bottle of whisky. This was plainly transportation.

The only question raised by appellant at all is as to his knowledge or intent in the transaction. In Nixon v. State, 93 S. W. Rep., 555, this court said:

"We understand the rule to be that, where the case is one wholly dependent on circumstantial evidence, the court is required in such case to charge on circumstantial evidence. But where the main fact, as in theft, the taking,—is proved by positive testimony, and the intent and other circumstances of the case are proved by circumstantial evidence, the court is not required to charge on circumstantial evidence.

On page 448 of Mr. Vernon's Annotated C. C. P. are collated a number of authorities holding that when the main fact is established by direct evidence, and the question of intent is raised and is proven only by circumstantial evidence, the case is not one in which the law of circumstantial evidence should be given.

In our view of the instant case the learned trial judge gave appellant the full benefit of his defensive theory in the charge above referred to. The main fact, which was the transportation of the intoxicating liquor, was proven by direct testimony. The question as to whether the appellant knew he was sitting on a bottle of whisky, or that a quantity of whisky was tied to the springs of his spring seat, being the only question upon which any doubt was cast by the testimony of himself and wife, we do not think it a case of circumstantial evidence and that it was not error to refuse to charge thereon.

In any event the case would come under the rule that the facts bring the accused in such juxtaposition to the act charged as not to necessitate a charge on circumstantial evidence.

We have carefully examined the record, and, finding no error, the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

LATTIMORE, Judge.—Appellant vigorously assails our conclusion that the case was not one wholly dependent upon circumstantial evidence, or if of such character, that the facts and circumstances placed him in such "juxtaposition to the main fact" as that the failure to give a charge on circumstantial evidence was not calculated to injure his rights.

By the terms of Art. 743 of our C. C. P. we are forbidden to reverse causes for errors or omissions in the charge unless same were calculated to injure the rights of the accused.

That appellant transported the liquor in question seems proven by direct evidence beyond question. It was in his wagon. He was driving the wagon. The larger quantity of whisky was tied to or suspended from the springs of the seat on which he sat to drive the wagon. Part of it was on said spring seat under a quilt. What is transpor-

tation? A carrying from one place to another. That appellant did this before and after the flight of the party whom he now seeks to show to have been the possessor, is unquestioned.

In Beason v. State, 43 Texas Crim. Rep., 448, appears the following:

"Therefore it is clear that, where the act constituting the main essential fact of a crime is testified to by direct evidence, it is not a case of circumstantial. . . . What is the main fact or the act of a crime in a case of burglary? In murder it is the fact of the homicide; in theft it is the act of the taking; in burglary it is not the intent with which it is committed. . . . The main essential fact of burglary is the breaking and entering of the house."

In Holland v. State, 45 Texas Crim. Rep., 172, the accused was found in a room which had been left closed, and testified that he was looking for a toilet and came to the door of this room, which he said he found partly open and he entered thinking it a toilet, and had hardly gotten in before the lady came, saw him in there and screamed. It was held no error for the court upon these facts to refuse to charge on circumstantial evidence.

On the other phase of the case, in Baldwin v. State, 31 Texas Crim. Rep., 589, certain missing hogs were tracked a short distance from where they were taken and were discovered in possession of the accused and his brother who were driving them, and drove them home and butchered them. Judge Davidson for this court says:

"While no witness saw defendant actually take possession of the hogs, yet the criminative circumstances are in such 'juxtaposition to the main fact' that the omission to give the charge (on circumstantial evidence) was not calculated to injure defendant's rights."

Other authorities on the question of juxtaposition are collated in Cabrera v. State, 56 Texas Crim. Rep., 150.

Not being led to change our opinion upon the proposition that the case was not on circumstantial evidence, or that in any event it was one in which there was such juxtaposition shown on the part of appellant as to make the omission of the charge on circumstantial evidence of no injury to him, the motion for rehearing will be overruled.

*Overruled.*