MRS. DON THOMPSON V. THE STATE.

No. 15949.   Delivered June 7, 1933.
Reported in 61 S. W. (2d) 99.

The opinion states the case.

*John H. Merchant* and *Art Schlofman,* both of Dalhart, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Possession of intoxicating liquor for the purpose of sale is the offense; punishment, one year in the penitentiary.

Operating under a search wrrrant, officers searched appellants' apartment in the Walker Flats in the City of Dalhart on September 6, 1932, and found in an ice chest in said apartment two one-half gallon fruit jars containing whisky, one of

which was partly filled. They also found in said ice chest a pint bottle one-half full of whisky.

The appellant testified that the liquor found by the officers was not hers, but belonged to one Madge Sims, who had been staying with appellant for some time before the raid and jointly occupying said apartment with her and appellant's young daughter.

The appellant insists that the trial court erred in not instructing the jury on the law of circumstantial evidence and exception was reserved to the failure of the court to so charge. Under the evidence we do not think that the issue of circumstantial evidence arose. See Davis v. State, 98 Texas Crim. Rep., 643, 267 S. W., 513; Egbert v. State, 76 Texas Crim. Rep., 663, 176 S. W., 560.

When the case was called for trial, appellant made an application for a continuance because of the absence of Loraine Taylor, Ruby Cooper, and Madge Sims. The application showed that on the day the liquor was found in appellant's apartment the appellant was arrested and had been confined in jail ever since and was in jail at the time the indictment was returned against her on November 2, 1932, and at the time of trial. Appellant had made an application for subpoena for all of said witnesses, and on the day of the trial the process for appellant's daughter, Loraine Taylor, and the witness Madge Sims had been returned "not served" upon the ground that they could not be found. The application showed that the appellant expected to prove by her daughter, Loraine Taylor, who from the record appears to have been a girl eight or nine years of age, that she had been living with her mother and was living with her mother at the time of the raid, and the appellant did not have any intoxicating liquor for sale and had not sold any intoxicating liquor; that she expected to prove by the absent witness Madge Sims that the whisky that was found by the officers did not belong to the appellant nor was it possessed by the appellant, but that the whisky belonged to Madge Sims, who was living with her. In her motion for new trial, appellant complains of the action of the trial court in refusing to grant said continuance. Attached to said motion for new trial was the affidavit of Madge Sims. The affidavit showed that said witness would testify that she and the appellant were living together and renting an apartment together in the Walker Flats; that the said witness at the time and for several days prior to the time of the raid had had a bad cold and a slight touch of the flu and she had been informed and instructed to take whisky and quinine for said cold and flu, and

several days prior to said search she had obtained a fruit jar full of whisky for her cold and flu and for medicinal purposes and had placed same in the ice box, which was jointly used by the appellant and herself, and said liquor in said half gallon fruit jars belonged to the said affiant and she had the same for medicinal purposes, and so far as she knew there was no other liquor on the place except a small part which had been taken from one of said fruit jars and placed in a bottle from which the affiant was drinking and using same for medicinal purposes; that the appellant did not have possession of same and had nothing to do with said liquor, it being in the control, possession, and custody of the affiant, Madge Sims, and the only liquor that was kept in said place was the liquor found by the officers which belonged to her.

The motion for new trial being supported by the affidavit of the absent witness Madge Sims supporting the facts stated in the application for continuance, the court was not the judge of its probable truth. Section 336, Branch's Ann. P. C.; Thomas v. State, 51 Texas Crim. Rep., 329, 101 S. W., 797. It is well established that the truth of an application for continuance as well as the merits of the grounds set forth therein and its sufficiency is addressed to the sound discretion of the court to pass upon the same, and it is not granted as a matter of right, although it may meet all the requirements of the law. But it is provided that should an application be overruled and the defendant convicted, if it appears upon the trial that the evidence of the witness named in the application was of a material character and the facts set forth in said application are probably true, a new trial should be granted. Article 542, C. C. P. After a review of the record in this case and said motion for continuance, we are of the opinion that the diligence used as shown by the application for continuance was sufficient, in that the subpoena was applied for and issued in time for service could the parties have been found. On the subject of the materiality of the testimony of the said Madge Sims, it must be reviewed in the light of the evidence upon which the conviction was had. The testimony of the said Made Sims supported the contention of the appellant. Said testimony was of a very material character upon the main issue in the case and would have reasonably inured to the benefit of the appellant in supporting her testimony as to who owned and possessed the liquor found, and how far the evidence of the absent witness would have influenced the jury in their finding we are unable to determine; the testimony of the absent witness being upon the vital point in the case. We are of the opinion that under the

circumstances of this case as shown by the record, the appellant was entitled to a new trial.

We therefore feel constrained to hold that a new trial should have been granted, and for that reason the judgment of the trial court is reversed and the case remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.