A. F. DECKER v. THE STATE.

No. 2764.   Decided November 19, 1913.

**Carrying Pistol—Intent—Charge of Court.**

Where, upon trial of unlawfully carrying a pistol, defendant contended that he was carrying a pistol to a shop for repairs, and the court submitted this issue under a proper charge requested by defendant, the conviction was sustained. Davidson, Judge, dissenting.

Appeal from the County Court of Wichita. Tried below before the Hon. C. B. Felder.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*W. F. Weeks,* attorney for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted for carrying a pistol, his punishment being assessed at a fine of $100.

The uncontroverted evidence is, that appellant was going from Archer County to Wichita Falls in Wichita County, and that he was carrying his cotton to a gin in Wichita Falls to be ginned and baled. A deputy sheriff of Archer County named Taylor and a witness by the name of Kitchen testified practically to the same facts. Their testimony is that appellant was going from Archer County to Wichita Falls; that appellant was on a wagon of cotton down on the railroad crossing, by the Wichita Ice Company, and on the road that leads to the Farmers' Union Gin. He says, "We had come along up behind the defendant from over where the defendant lives in Archer County. This was about 11 o'clock a. m. when we caught up with him down there on the railroad crossing. He had brought this bale of cotton from Archer County and had loaded it about 3 o'clock that morning. The defendant came the usual road from Archer County and was on this road to the Farmers' Union Gin at the time I arrested him. I do not think the defendant went through the business part of town with this load of cotton, but went the usual road toward the gin. We rode up to the wagon and called on him to halt; the defendant stopped, made no offer to resist the arrest. I got up in the wagon and took that gun out of defendant's right-hand coat pocket. The gun was loaded and would shoot. I shot it two or three times and then put it in the sheriff's office in Wichita Falls, Texas. I took the gun from defendant's pocket as soon as I climbed in the wagon." The evidence of the witness Kitchen is the same as that of Taylor. The defendant testified in his own behalf that he was forty-eight years old and lived in Archer County. On the occasion mentioned he took the bale of cotton to the Farmers' Union Gin in Wichita Falls, Wichita County, from his farm in Archer County. About 11 o'clock that morning when within one block of the gin with his cotton where he was taking it to have it baled, Tom Taylor and Kitchen came up to the wagon as he, defendant, was crossing the railroad and commanded him to halt. He did so, and Taylor climbed up on the wagon and took the pistol from him. He says he put the pistol in his pocket when he left home to bring it to Wichita Falls to have it repaired, or to trade it in on a new one, and was going by a gun shop for this purpose just as soon as he left the cotton at the gin; that he wanted to get his cotton ginned early and get in line for that purpose so he could get back home. He says the pistol was broken; the cylinder of it would not revolve, and he called attention to this fact there in the court room where the pistol was. That in order to shoot the pistol it was necessary to revolve the cylinder with the hand; that if the cylinder was revolved with the hand it would shoot by placing it so that the hammer would strike the

cartridge, and that it would not shoot but once unless the cylinder was revolved with the hand so as to put it in position to be shot again. The machinery in it which revolved the cylinder was broken. He said he did not know the pistol was loaded when he put it in his pocket. In fact, he says he did not notice or look to see whether it was loaded or not. He further stated that he had no motive in carrying the pistol other than that he was going to carry it to the Winfrey repair shop in Wichita Falls. This is the case.

My brethren believe this entitles the State to a conviction. I do not think the facts make a case and the judgment ought to be reversed and remanded. The facts are undisputed. The jury can not arbitrarily disregard the testimony because a charge was given.

The judgment is affirmed by majority.

*Affirmed.*

PRENDERGAST, PRESIDING JUDGE, HARPER, JUDGE.—Inasmuch as the appellant requested the following charge and it was given, we are of the opinion the case should be affirmed. The charge is: "You are instructed that defendant had the right under the law to carry the pistol to a shop for repairs, and when repaired, a right to take it home. Now if you believe from the evidence that defendant was carrying the pistol to a shop for repairs at the time alleged you will acquit the defendant." This presented the issue made by defendant's testimony in language selected by appellant's counsel, and the jury found adversely to this contention.