WALTER THOMAS v. THE STATE.

No. 4865. Decided January 30, 1918.

**Horse Theft—Sufficiency of the Evidence—Alibi—Charge of Court.**

Where, upon trial of the theft of a horse, the defendant pleaded an alibi, but the evidence was sufficient under a proper charge of the court to sustain a conviction, there was no reversible error.

Appeal from the District Court of Limestone. Tried below before the Hon. A. M. Blackmon.

Appeal from a conviction of the theft of a horse; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted of horse theft and assessed the lowest punishment.

No complaint was made to the court's charge and there are no bills of exception. Appellant's defense was alibi. This question was sub-

mitted by the court in a proper charge. The jury found against him on it.

The proof was sufficient to show and justify the jury to believe that appellant lived near Kosse and near where the owner of the stolen horse resided and knew the premises where and the way the horse was kept. The horse, saddle, bridle, etc., were stolen in the night of January 8th. The owner and his folks' early next morning saw the horse had been stolen and began hunting for it and having others do so. Some two weeks later they located the horse in Austin. Two witnesses swore positively that appellant appeared in Austin with the horse on January 13th and sold it to one of them. He told one of them where he had sold or traded the saddle before he reached Austin. This saddle was found where he said he had disposed of it, and recovered. The horse was recovered. Appellant denied that he was the person whom these two witnesses identified with the horse. He claimed that he was at Marlin at the time the horse was stolen and some days thereafter. All this was for the jury. The evidence was sufficient to sustain the conviction.

The judgment is affirmed.

*Affirmed.*