ISAIAH DAVIS v. THE STATE.

No. 6487.   Decided December 14, 1921.

**Intoxicating Liquors—Possession—Repeal of Statute—Sale.**

Where the so-called Dean Law was so amended that the mere possession of intoxicating liquor is not now an offense, unless it is alleged and proved that same was possessed for the purpose of sale, the appeal in this cause must be reversed and dismissed.

Appeal from the District Court of Upshur. Tried below before the Honorable J. R. Warren.

Appeal from a conviction of the unlawful possession of intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Florence & Florence, J. P. McClelland,* and *J. B. Crosby,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction was for possession of intoxicating liquor, with the penalty assessed at one year in the penitentiary.

This court has recently held that under the late amendments to what is known as the Dean Law, the mere possession of intoxicating liquor is not an offense, unless it is alleged and proved that same was possessed for the purpose of sale.  No. 6423, Cox v. State, 90 Texas Crim. Rep., 256; 6510 Petit v. State, 90 Texas Crim. Rep., 336; 6493 Francis v. State, 90 Texas Crim. Rep., 339.  (All decided at this term of court but not yet reported.)

Under the foregoing authorities it becomes necessary to reverse the judgment of the trial court and order the prosecution dismissed, which is accordingly done.

*Reversed and dismissed.*