### RALPH GILSTRAP v. THE STATE.

#### No. 6858.   Decided April 5, 1922.

**Intoxicating Liquors—Possession—Indictment—Dismissal.**

Where the indictment failed to allege that the possession of intoxicating liquor was for the purpose of sale, the judgment must be reversed and the prosecution dismissed. Following Francis v. State, 90 Texas Crim. Rep., 67, 235 S. W. Rep., 580.

Appeal from the District Court of Morris. Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of possession of intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Henderson & Bolin.* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The appellant appeals from a judgment convicting him of the offense of unlawfully possessing intoxicating liquor.

The offense was committed prior to the enactment of Chap. 61, of the Acts of the Thirty-seventh Leg., amending Chap. 78 of the 36th Leg., 2nd Called Session, in which amendment the definition of the offense was changed. An indictment for the possession of intoxicating liquor under the present law can be maintained only where the possession is for the purpose of sale. The insufficiency of the indictment charging the offense of which the appellant is convicted requires that the cause be reversed and the prosecution dismissed. See Francis v. State, 90 Texas Crim. Rep. 67, 235 S. W. Rep. 580; Ex

parte Mitchum, 91 Texas Crim. Rep. 62, 237 S. W. Rep. 936; recently decided but not yet reported.

*Reversed and dismissed.*