misdemeanor theft, and his punishment fixed at a fine of $25 and one hour in jail.

Appellant was the owner of a garage in Waco. Ed Justice worked for him. Justice decided to quit. A friend who owned an automobile came to appellant's garage with Justice to get the latter's tool box. It was taken out and placed on the running board of the car. Appellant said he wanted to look in said tool box and see if any of his tools were in there, and took the tool box from the running board of said car and carried it just inside of his garage and opened it. While he was searching through its contents Justice got in the car with his friend and went to the county attorney's office, and filed a complaint against appellant for theft of said tools. Appellant found in said tool box three wrenches belonging to him. After completing his search through the tool box and removing therefrom his wrenches, said tool box was closed and placed against the wall of the garage, where it remained apparently undisturbed until the day of this trial. It was brought into the courtroom and shown to Justice, who examined same and stated to the jury that all of his tools were in said box. We are unable to perceive the establishment of a single element of theft by this evidence. It is to be regretted that cases having so little support are permitted to come to appellate courts upon appeal.

The judgment of the trial court will be reversed, and the cause remanded.

———

## MEYER v. STATE. (No. 6887.)

(Court of Criminal Appeals of Texas. April 12, 1922.)

Intoxicating liquors ⟐139, 202—Indictment must allege possession for purpose of sale, as mere possession is not an offense.

Under Acts 37th Leg. (1921) 1st Called Sess. c. 61, amending the Dean Law (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼ et seq.), possessing intoxicating liquor is not an offense, unless had for the purpose of sale, indictment is deficient, unless it alleges that such possession is for the purpose of sale.

Appeal from District Court, Hunt County; Geo. B. Hall, Judge.

Allen Meyer was convicted of possessing intoxicating liquor, and he appeals. Reversed, and prosecution dismissed.

Harrell & Starnes, of Greenville, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Hunt county of the offense of possessing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Since the adoption of the amendment to the Dean Law by the First Called Session of the Thirty-Seventh Legislature (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼ et seq.), the offense of possessing intoxicating liquor has been so changed as that it is no longer a violation of the law to possess same, except when had for purposes of sale. We have uniformly held that it is necessary that the indictment contain an allegation that such possession is for the purpose of sale.

There being no such charge in the instant case, the indictment is fatally defective, and it becomes necessary to order a reversal, and that the prosecution be dismissed, which is accordingly done.