## A. GANDY V. THE STATE.

No. 7579. Delivered Nov. 12, 1924.

Rehearing denied Feb. 11, 1925.

**1.—Transporting Intoxicating Liquors—Evidence—Cross-Examination of Appellant—Harmless.**

On the cross-examination of appellant, he was asked how often he had gone to the various towns in Milan County. We do not conceive how such a question could have been hurtful to appellant, and this presents no error.

**2.—Same—Remarks of Counsel—Must be Excepted to.**

Complaint is made of a remark of the county attorney during his examination of appellant as a witness. There was no request for an instruction that the jury should not consider the remark, and the explanation of the court makes it appear that the remark was entirely harmless.

**3.—Same—Peremptory Instruction—Properly Refused.**

The testimony was direct and ample to sustain the conviction and the request of appellant for a peremptory instruction of not guilty was properly refused.

**4.—Same—Charge of the Court—Circumstantial Evidence.**

The evidence in the case was circumstantial as to the transportation of the half gallon of liquor, and the court properly so instructed the jury, directing there attention to that point. He refused to charge that the case was one of circumstantial evidence as a whole. If the case was made out by the transportation of the half pint of liquor, then the case, as a whole, was not one of circumstantial evidence, and the court properly refused to so charge.

**5.—Same—Intoxicating Liquor—Right to Possess, and to Transport.**

There is no law in this state authorizing the transportation of any quantity of liquor, great or small, for beverage purposes, and this court could not properly grant the right to transport liquor for beverage purposes in small quantities, same being a right which is withheld by statute and constitution. It follows that the transportation of the half pint of whisky, admitted by appellant to have been carried by him some twelve miles along the public road, and found in his possession by the officers who arrested him, makes him amendable to the law forbidding transportation of intoxicating liquor.

**6.—Same—Intoxicating Liquor—Transporting and Possession.**

It is an offense against the laws of this state, to transport intoxicating liquor in any quantity, unless for the purposes excepted in the statute. It is also an offense to have in possession *for the purpose of sale*, intoxicating liquor *in any quantity*. If one is found in possession of more than one quart, it is prima facie evidence that the possession was for the purpose of sale, but the accused should have the right to overcome such prima facie case, by rebuttal testimony. If the proof only shows the possession of a quart, or less, no prima facie case of the possession for the purpose of sale is made out, and before the State, could secure a conviction for such possession, it would be necessary to prove that the possession of the quart or less, was for the purpose of sale. See this opinion for an exhaustive discussion of these questions by Associate-Justices Lattimore and Hawkins, and a dissenting opinion by Presiding Judge Morrow.

Appeal from the District Court of Milam County. Tried below before the Hon. John Watson, Judge.

Appeal from a conviction for transporting intoxicating liquors; penalty, two years in the penitentiary.

The opinion states the case.

*B. P. Matocha,* and *Chambers, Wallace & Gillis,* of Cameron, for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—From a conviction of transporting intoxicating liquor, with punishment assessed at two years in the penitentiary, this appeal is brought.

The indictment sufficiently charged the offense. The State's case showed that appellant was in the town of Milano, in Milam County, on Saturday, August 5, 1922. He lived six or seven miles away in the Hanover community and left. Milano on horseback going towards his home late in the afternoon. For reasons not set out in the record, two officers that night went out to a point on the Milano-Hanover road about a quarter of a mile from Milano and secreted themselves. About 9 o'clock that night appellant with his son came from the direction of his home along the public road in a car whose lights were turned off. It was a bright moonlight night. According to the State witnesses when appellant came to a point close to a culvert and not far from the witnesses, he flashed his light and then turned same off again, got out of his car, took a package about the size of a fruit jar wrapped in paper, walked to the end of the culvert and stooped down and put the package in. The officers came up at this juncture and arrested him and upon search found in the end of the culvert a half gallon fruit jar of whiskey and also found in appellant's pocket a half pint flash of the same liquid. Appellant claimed that he had brought the half gallon of whiskey from a negro in Milano that afternoon who had agreed to leave same in said culvert for him, and he denied having put the package containing the liquor in the culvert but said he was in the act of taking it out when the officers came up. He also stated that the negro gave him the half pint of whiskey in Milano that afternoon, and there seems no dispute of the fact that, if this was so, appellant had conveyed this quantity of liquor about six or seven miles along the public road to his home and back. On the trial appellant exhibited the following document:

"This is to certify that Mr. A. Gandy has had the flue and I recommend that he should use strychnine or whisky as a stimulant for his heart.

"F. E. LIDDELL, M. D.

March 5, 1922."

This he said he kept in his pocket. Asked if he had had it filled as a prescription, he said he had not; that he never bought any whisky on it or strychnine. Asked if at the time of trial in September he had bought any whisky on it, he said no,—he guessed he could make out without it. Asked what use he had for the document above quoted, he said in case he was caught with whisky on him he could show he had a right to it because "he told me to drink it for my health." That the above document was not a prescription is plain; that the whole scheme was to aid appellant to escape the consequence of connection

Tex. —10.

with illicit liquor transactions, is strongly suggested. However, the trial judge charged the jury as follows:

"If you believe from the evidence that the defendant transported intoxicating liquor along the public road from Hanover to Milano on or about the 5th day of August, 1922, as alleged in the indictment read to you, yet if you find and believe from the evidence that the defendant transported said liquor, if any, only for medicinal purposes for himself, then you will return a verdict of not guilty.

"If you should find from the evidence that the defendant transported the half pint of whisky exhibited in evidence before you for medicinal purposes only for himself, you will acquit him as to that phase of the case."

Also in that part of the charge applying the law to the facts of the case the court told the jury that before they could convict they must believe beyond a reasonable doubt that the liquor in question was not transported for medicinal purposes for the defendant.

There are two bills of exception in the record by one of which complaint is evidenced of questions to the appellant while a witness as to how often he had gone to the various towns in Milam County. This presents no error. In the other bill complaint is made of a remark of the county attorney during his examination of appellant as a witness. There was no request for an instruction that the jury should not consider the remark and the explanation of the court makes it appear that the remark was entirely harmless.

Appellant asked two special charges which were refused,—one a peremptory instruction of not guilty,—the other a charge that unless the liquor was transported for purposes of sale the jury should acquit. Both were properly refused. Another special charge was asked applying the law of circumstantial evidence to the whole case as made by the proof, which was also refused. There being a dispute over the fact as to whether appellant had transported the half gallon of whisky, and the State's case, if dependent upon the transportation of such liquor being made out by circumstantial evidence, there was no error in the trial court giving the jury the law of circumstantial evidence as applicable to the transportation of said half gallon of liquor, but there being a direct admission on the part of appellant that he had transported the half pint of whisky, the requested charge applying the law of circumstantial evidence to the entire case was properly declined.

The question of transportation for medicinal purposes was fully submitted as above indicated, and by the jury decided adversely to appellant, and there is ample evidence to justify such conclusion.

The only exception to the charge deemed of sufficient importance to call for any discussion is as follows:

"Because the court erred in presenting that part of the charge to the jury wherein it is stated that the State relied on circumstantial evidence

as to the one-half gallon of liquor alleged to have been transported by the defendant, and that the defendant should be acquitted if the jury should find that the defendant transported one-half pint of whisky, as follows:

"1.  Because said charge is misleading and calculated to confuse the jury.

"2.  Because said charge is on the weight of the evidence."

It is difficult to know what is meant by this. The court below, as above stated, charged the jury as to the transportation of the half gallon of liquor that it was a case of circumstantial evidence and gave the usual charge in such case, and beyond doubt if the offense was made out by the transportation of the half pint of liquor, then the case was not one of circumstantial evidence and there is nothing in the exception. Appellant contends that the Legislature having given him the right to possess intoxicating liquor for purposes other than sale, he would have the right to accept the bottle which he says was given him by the bootlegger who sold him the half gallon, and to carry it about his person. This is not the law, and without discussing the probability that the jury accepted none of appellant's claims but believed that he had gone home that afternoon, gotten all the liquor found on him and brought it back to the place of arrest,—our view of appellant's contention is presented. It seems clear to the writer of this opinion, that even if the doubtful right of the Legislature to enact a law authorizing possession of intoxicating liquor for purposes other than sale,—be conceded, still there is no law authorizing the transportation of any quantity of such liquor great or small for beverage purposes and we would be without right or power to render a decision the effect of which would be to grant the right to transport liquor for beverage purposes in small quantities, same being a right which is withheld by statute and Constitution.

Secs. 1 and 2 of the Eighteenth Amendment to the Federal Constitution are as follows:

"Sec. 1.  After one year from the ratification of this article the manufacture, sale or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all territory subject to the jurisdiction thereof for beverage purposes is hereby prohibited.

"Sec. 2.  The Congress and the several States shall have concurrent power to enforce this article by appropriate legislation."

This has been in effect in the United States since January 19, 1919, and voices the supreme law of the land. Succinctly, this forbids the manufacture, sale or transportation of intoxicating liquor in any quantity for beverage purposes; and looking to the execution of this mandate, concurrent power is granted to the Congress and the legislatures of the several states to enforce the purposes of said amendment by

appropriate legislation. In different verbiage the amendment to our own State Constitution forbids traffic in intoxicating liquors for beverage purposes, and in subdivision d of said State amendment it is declared that intoxicating liquors are subject to the police power of the State, and the legislature is given power in express terms to pass "additional prohibitory laws or laws in aid thereof." As we read these constitutional amendments they aim at the prevention of all use of intoxicating liquor as a beverage, and by express grant in the Federal Amendment of power to the legislatures, State and National, to pass laws in aid of said purpose, there is thus by implication denied to them any power to pass laws in derogation of or opposition to said purpose. We take it that any law whose fair construction would make its operation a hindrance to or in opposition to the prevention of the manufacture, sale or transportation of such liquor for beverage purposes, should be held unconstitutional as violative of the forbiddance of both State, and Federal constitutions.

From what we have said it follows that in our opinion the transportation of the half pint of whisky admitted by appellant to have been carried by him some twelve miles along the public road and found on his person by the officers who arrested him, makes him amenable to the law forbidding transportation of intoxicating liquors. Under the facts of this case he was transporting such liquor either for medicinal or beverage purposes. The learned trial judge told the jury in his charge that unless they believed beyond a reasonable doubt that he was not transporting it for medicinal purposes, they should acquit. This eliminates from the case the proposition of transportation for medicinal purposes. The necessary conclusion would be that in the opinion of the jury he was transporting it for beverage purposes, and in such case they were justified in rendering the verdict which appears in the record.

Any other conclusion would practically nullify the law forbidding the transportation of intoxicating liquors for beverage purposes. A judgment of this court announcing that because the Legislature had attempted to give the right of possession of a small quantity of liquor for beverage purposes, that this court would now hold that this necessarily carried with it the right to transport that quantity of liquor for such purpose, would be for us to say that which is wholly outside any expression of our State legislature and which, in the judgment of the writer, is clearly and expressly in the direct face of the expressed terms of the Eighteenth Amendment to the Federal Constitution. We have quoted this above and it will be observed that by its words it forbids the transportation of liquor for beverage purposes, and for this court or any legislature to undertake to read into that constitutional utterance that when it forbade "transportation" it intended to say,—the transportation of not more than a pint or a

quart of liquor,—would seem an assumption of a power to construe a word which is plain and needs no such interpretation.

The judgment will be affirmed.

*Affirmed.*

### CONCURRING OPINION.

HAWKINS, JUDGE.—The court so framed his charge that it authorized a conviction for the transportation of less than a quart of whiskey, and the contention is that the charge was erroneous because the evidence failed to show that the transportation was for the pur pose of sale. The contention is based on an amendment to the pro-hibition laws passed by the 38th Legislature, 2d C. S., Chapter 22. The law as so amended, among other things, provided that it should be unlawful to "transport" intoxicating liquor; also that it should be unlawful to "possess" it for the purpose of sale, and further provided that when the proof showed possession of more than one quart of such liquor it should be prima facie evidence of guilt, that is, that such possession was for the purpose of sale, but that an accused should have the right to overcome such prima facie case by introducing evi-dence showing the legality of such possession; that is, if he could do so he might show that such possession was not for the purpose of sale al-though he had more than a quart. It naturally followed that if the proof only showed the possession of a quart or less no prima facie case for the offense of possessing it for the purpose of sale, was made out, and that before the state could secure a conviction under such cirsum-stances it would be necessary to prove in some way that the possession of the quart or less was for the purpose of sale. Such is the construct-ion such amended statute has received, this court also holding that to charge the offense of "possession" the indictment must allege that it was so possessed for the purpose of sale. (See Dossett v. State, 90 Texas Crim. Rep., 458, 235 S. W. 1093; Francis v. State, 90 Texas Crim. Rep., 379, 235 S. W. 580; Davis v. State, 90 Texas Crim. Rep., 430, 235 S. W. 1094; Meyer v. State, 91 Texas Crim. Rep., 496, 239 S. W. 949; Gilstrap v. State, 91 Texas Crim. Rep., 420, 239 S. W. 950; Newton v. State (decided October 8, 1924.)

Appellant's contention is that there can be no "transportation" without "possession," and that if the "transportation" and "possession" con-sist of but one criminal act, and the State could prosecute but once thereon and elects to prosecute for "transportation," and the facts show that the amount of liquor so transported be for only a quart or less, that this court should read into the statute denouncing transpor-tation as a crime the provisions of the amendment of the 38th Leg-islature applying to "possession." The writer finds himself unable to agree to the soundness of the proposition.

It must be borne in mind that the constitutional amendments and the laws passed thereunder both Federal and State, although couched in somewhat different language, was designed to prohibit the use of intoxicating liquor as a beverage. Carrying out this purpose the 36th Legislature (Chap. 78, p. 228, 1st and 2d C. S.), denounced as a crime the "transportation" and "possession" of any quantity of intoxicating liquor except as it might be so transported or possessed for medicinal, mechanical, scientific or sacramental purposes. The 37th Legislature (Chap. 61, p. 233, 1st and 2d C. S.) amended the Acts of the 36th Legislature in some particulars, still, however, denouncing as a crime the "transportation" of liquor, but making the "possession" thereof a crime only when possessed for the purpose of sale. The amendment of the 38th Legislature made no change in the offense of "transporting" although it had been the uniform announcement of this court that it was not necessary to charge in the indictment, nor to prove, that the transportation was for the purpose of sale. (See Crowley v. State, 92 Texas Crim. Rep., 103, 242 S. W. 472; Cecil v. State, 92 Texas Crim. Rep., 359, 243 S. W. 988; Copeland v. State, 92 Texas Crim. Rep., 554, 244 S. W. 818; Turner v. State, 255 S. W. 439; Bailey v. State, 260 S. W. 1057.) The amendment of the 38th Legislature was adopted after our decision in the Copeland case (supra) in which we said:

"Appellant further urges that, since the amendment to the Dean Law above referred to authorizes and allows one to possess liquor if same be not so possessed for the purpose of sale, that the law should be construed to authorize and allow the manufacture, transportation, etc., of such liquor for any other purpose except that of sale. The Legislature makes the laws, and this court is not authorized to construe anything into them unless the language of such statute be ambiguous or so difficult of construction as that its meaning is not clear. We find nothing in the language of the amendment under discussion which lacks clarity. We cannot concern ourselves with any difficulties which may appear to surround the lawful possession of liquor, nor are we concerned as to how one may acquire the liquor whose possession for personal use seems to be allowed by said statute. We can go no farther than to say that said statute in clear and unmistakable terms forbids the manufacture, transportation, etc., of such liquor under pains and penalties."

This construction of the law is presumed to have been known to the Legislature and still it made no change in the liquor laws as they related to "transportation," but only changed the law as to "possession," making it a prima facie case of guilt of possession for the purpose of sale where the proof showed accused to have more than a quart.

We are not unmindful of the obvious fact that where one is found in possession of only a quart or less of intoxicating liquor under circumstances where the state may prosecute either for "transportation" or "possession," but not for both, that the quantum of proof necessary to secure a conviction may vary depending upon which crime the state elects to prosecute. Although the prosecution for either would be based upon the same identical criminal act. This presents no anomaly in our law. Many illustrations could be given, one will suffice. A wilfully shoots B with a pistol which is being carried in violation of the law. The State proposes to proceed against A for the criminal act of shooting of B. It may elect to prosecute under Article 1024a P. C., which denounces as a crime the wilful assault upon one with a pistol the carrying of which is prohibited; on the other hand the State may elect to prosecute under Article 1026 P. C., which denounces as a crime an assault with intent to murder. In this case not only the quantum of proof but the character of it would vary and the penalty be different according to the State's election although the act of shooting B is the matter under investigation. If the prosecution be under Art. 1024a, the proof must be that the act of A was wilful and done with a pistol which was being unlawfully carried; if under Art. 1026, the proof must be that A intended to kill B and was actuated by malice.

The writer concludes that the amendment of the 38th Legislature making proof of possession of certain quantities of intoxicating liquor prima facie evidence of guilt or otherwise applies only to prosecutions for possessing such liquor for the purpose of sale, and has no application where the prosecution may be for "transporting" such liquor. If the law as written appears to the Legislature to be wrong there is where the correction must occur. This court has no authority to read into the law denouncing "transportation" a provision which the legislature restricted to "possession."

For the reasons given I concur with my Brother Lattimore in the affirmance of the judgment.

*Affirmed.*

### DISSENTING OPINION.

MORROW, PRESIDING JUDGE.—That the State has power to forbid and penalize the possession or movement of intoxicating liquors in any quantity or in any manner is not questioned. That the Legislature may do so to any extent not obnoxious to Section 20, Article 16 of the State Constitution is conceded.

That it may not legalize that which the National Congress forbids does not imply that its prohibitory laws must be of the same scope or of the same nature as those of Congress. This was held in the decision of this court upholding the Act of the Legislature known as the Dean Law in these words:

"The impotence of the State, in view of the Federal law, to render lawful the manufacture, sale, or transportation of a beverage containing more than one-half of one per cent of alcohol does not imply that the State, in the exercise of its judgment, could not elect to punish persons who dealt in intoxicants containing one per cent or more of alcohol. Its refusal to punish where the percentage of alcohol was less than one per cent would not obstruct or impede the right of the Federal government to do so under its own law. The prosecution by the State of those who disobeyed its mandate with reference to intoxicants containing one per cent or more of alcohol, would conduce to make effective the prohibition declared in the amendment to the National Constitution." (Ex parte Gilmore, 88 Texas Crim. Rep., 537.)

The question is not the power of the Legislature, but its intent in making use of the word "transport." Does one who not unlawfully has upon his person less than a quart of intoxicating liquor become a felon when in moving his person he incidentally changes the locality of the liquor? The precedents dealing directly with the term "transportation" as contained in the Federal statute and that of some of the states are opposed to such a construction. See Street v. Lincoln Safe Deposit Co., 254 U. S. Rep., 88; United States v. Gudger, 249 U. S. 373; Baldridge v. State, 194 Pac. 217; Noble v. People, 180 Pac. 562; Rivard v. State, 202 S. W. Rep., 39; Voils v. Commonwealth, 219 S. W. Rep., 1079; State v. Munson, 206 Pac. 749.

Our statute does not define the offense of transporting liquor. It simply says that it shall be "unlawful to transport it." "Transport" signifies to carry or convey from one place, locality or country to another. Cyc. of Law & Proc., Vol. 38, p. 946; Webster's Dictionary. Such is its literal meaning, broad enough to inhibit any character of conveyance or removal from one locality to another. That it was not intended that it be given this broad application is obvious when considered in the light of the Constitution and the legislative enactments in this State concerning intoxicating liquors. In the chapter in which the offense is denounced, there is contained a subdivision making certain exceptions to its operation. See Acts of 37th Leg., 2nd Called Sess., Chap. 61. It is a common experience to find it necessary to look beyond the literal definition of a statute to ascertain the true meaning in the light of the legislative intent. The case of Street v. Lincoln Safe Deposit Co., 254 U. S. 88; 65 Law Ed., 151, is an example. The Supreme Court of the United States was called upon to determine the meaning of certain provisions of the so-called Volstead Act in Congress (41 Stat., at L., Chap. 85), wherein the possession and transportation of intoxicating liquors were prohibited by Act of Congress except for certain purposes named therein. Certain intoxicating liquor belonging to Street was deposited in the safety vault of the Lincoln Safe Deposit Company. It was insisted that the Lincoln Safe Deposit

Company was not an individual, and that the liquor was not for the personal use of the company and therefore was subject to confiscation. The Supreme Court held that though this was the letter, it was not the spirit of the law. The liquor was held by the Lincoln Safe Deposit Company for Street, the owner, and according to the admitted facts, it was intended for his own personal use. It was held, therefore, that it was not possessed in violation of the statute. The statute was quoted by the Court thus:

"It shall not be unlawful to possess liquors in one's *private dwelling while the same is occupied and used by him as his dwelling only* and such liquor need not be reported, provided such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his bona fide guests when entertained by him therein."

Street owned intoxicating liquor which was intended solely for his use. This excerpt is from the .opinion:

"The admission of fact under which this case is considered bring the liquors here involved precisely within these immunity provisions of Sec. 33, *except that they are stored in a public warehouse instead of in a private dwelling.* They are lawfully acquired and were intended for a lawful use, and thus the question is narrowed to whether such custody by the warehouse company as is shown by the admissions was forbidden by the act."

The court held that the possession was not unlawful and said further:

"That transportation of the liquors to the home of appellant, under the admitted circumstances, is not such as is prohibited by the section, is too apparent to justify a detailed consideration of the many provisions of the act inconsistent with a construction which would render such removal unlawful."

A statute in this State makes it unlawful to carry a pistol on or about the person, save under certain named circumstances and conditions. See Arts. 475 and 476 of the Penal Code. On many occasions, convictions have been had under Art. 475, supra, where the undisputed evidence showed that the accused was carrying a pistol on or about his person under conditions not enumerated in the exceptions named in Art. 476, supra. One of the earlier cases was Waddell v. State, 37 Texas Rep., 354, in which the evidence showed that Waddell purchased two pistols in the town of Crockett and carried them from the place of purchase to other places for the purpose of buying ammunition to fit the pistols. Other cases in point are Fitzgerald v. State, 52 Texas Crim. Rep., 266; Britton v. State, 57 Texas Crim. Rep., 583; Roberts v. State, 60 Texas Crim. Rep., 112; Decker v. State, 160 S. W. Rep., 1192; Morris v. State, 163 S. W. Rep., 709; Buckley v. State, 157 S. W. Rep., 765; Wilson v. State, 86 Texas Crim. Rep.,

356; Rosebud v. State, 87 Texas Crim. Rep., 267; Gates v. State, 82 Texas Crim. Rep., 656. In each of these cases, the accused was held not guilty of the offense denounced. The reasoning underlying these cases, as the writer understands it, is that the facts in each of them reveal no intent to carry a weapon contrary to the law, but merely to exercise a right essential to the enjoyment of the ownership and possession of the weapon which the law did not forbid; that is to say, it was not within the legislative intent to destroy the privilege of ownership and possession of weapons by an enactment so restrictive as to forbid their movement from one place to another for a lawful purpose.

Touching the matter in hand, as originally written, the statute prohibited both the transportation and possession of intoxicating liquor except for certain purposes named in the statute. See Chap. 78, Acts of the 36th Legislature. It was modified by an amendment so as to permit the possession of such liquor save for the purpose of sale. Chap. 61, Acts of 37th Legislature, 2nd Called Session. In a subsequent amendment, it is provided that in all cases where the possession of intoxicating liquor for the purpose of sale is made unlawful, proof of the possession of more than one quart of such liquors shall be prima facie evidence of guilt, which may be rebutted by evidence showing that the possession was not prohibited. See Acts of 38th Legislature, 2nd Called Session, Chapter 22, Sec. 2b. It necessarily follows that proof only of the possession of a quart or less of intoxicating liquor does not make a prima facie case of guilt. To give the statute an interpretation holding one guilty of a felony who possessed half a pint of intoxicating liquor with no intent to use it for an unlawful purpose, when in another statute he is given the express privilege of possessing it, would import to the word "transport," as used in the statute, an intent beyond the spirit of the law and foreign to the purpose of the law-makers. The giving of such a restrictive effect to the word "transport" considered in connection with the other statutes to which reference has been made, would offend against the rule of construction thus stated by a text-writer:

"Words or clauses may be enlarged or restricted to effectuate the intention or to harmonize them with other expressed provisions. Where general language construed in a broad sense would lead to absurdity it may be restrained. The particular inquiry is not what is the abstract force of the words or what they may comprehend, but in what sense they are intended to be used as they are found in the act. The sense in which they were intended to be used furnishes the rule of interpretation, and this is to be collated from the context; and a narrower or more extended meaning is to be given according to the intention thus indicated." (Lewis' Sutherland on Stat., Construction, Vol. 2, Sec. 376, p. 722.)

It is not to be inferred that one may not be guilty of "transporting" by carrying liquor upon his person even though the quantity is less than a quart. It may in such a case be shown that he was making use of his privilege of possession to unlawfully transport it, but the mere act of possessing less than a quart of intoxicating liquor may be identical with that of carrying such quantity of liquor upon the person and there is no express language in the statute declaring that it shall not be carried on the person when not illegally possessed. Where the law expressly states that there is no unlawful intent coming from the possession of less than a quart of liquor, the inference should be, in the absence of proof to the contrary, in favor of innocence rather than of guilt. Under such circumstances, the implication would be one of lawful possession rather than unlawful transportation.

The judgment should be reversed and the cause remanded.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—There are no new questions of law raised in this motion, save that it is insisted by appellant that he met and discharged the burden on him to bring himself within the exception to the statute which he seemed to .rely on for justification of his admitted transportation, i. e., that his purpose in so doing was to use the whisky for medicine. Whether he did so was a question of fact for the jury. The jury were not compelled to accept his statement that he transported the whisky for medicinal purposes. To so hold would place a wholly unwarranted limitation on the jury's power and province. Appellant argues that his statement that he was so transporting the liquor, is so supported and backed up by his production of a certificate or prescription of a doctor which is set out in the original opinion,—as to thereby suffice to cause us to hold that the jury were in error in not returning a verdict favorable to the proposition that his transportation was for medicine. The position is not tenable in law or fact. The transportation was in August. The alleged prescription was dated in March preceding, and appellant admitted that he had presented same to no drugstore, nor had he elsewhere used it, but that he carried it in his pocket as protection. The document by its wording shows itself to be not a prescription. It was addressed to nobody. It did not authorize appellant to purchase or any one to sell to him any given quantity of liquor. It was merely a hearsay statement of a man who was not produced as a witness, and doubtless appealed to the jury as strongly corroborative of the State's theory in this case, i. e., that appellant was the transporter of all the liquor found in his possession by the officers. Appellant practically admitted that he did not get or use the document for any purpose for which a prescription is used, but that he got it and used it for a totally different purpose, that is, for

protection.   Instead of being able to agree with the appellant that he is backed up and fortified by the so-called prescription, we think the contrary is true.

With the argument that if one can legally possess liquor for beverage purposes, as a sequence he can legally transport it, we only reply that the matter was fully analyzed and gone into in the original opinion.   However, if we were going to reason things into or out of the written law of the land, we would adopt that course which would appear to harmonize the Federal and State laws on this subject and make both consonant with the prohibition of the use of intoxicating liquors for beverage purposes; and would say that a State law authorizing the possession for beverage purposes of intoxicating liquor, appears out of harmony with the Federal Constitution as well as our own; but we content ourselves with saying, as before, that the written law having forbidden all transportation of liquor save for certain excepted purposes, we will give effect to the law as written.   "Transport" can not be interpreted to mean "Transportation of more or less than a given quantity."   As the law is written so we will let it stand. Our brother Morrow adheres to his views as formerly expressed.

The motion for rehearing is overruled.

*Overruled.*