## J. M. McIlveene v. The State.

### No. 9053.   Delivered May 13, 1925.

**Transporting Intoxicating Liquor—Argument of Counsel—Sharp Practice— Condemned.**

Where the prosecuting attorney, over objections of appellant, persists in trying to prove by a deputy sheriff statements made by appellant while under arrest, and on cross-examination of appellant, over proper objections, persists in trying to prove such statements, by him, and his argument to the jury, discusses this excluded testimony, the cause must be reversed. The officer's of this state cannot afford to indulge in sharp practice even to secure a conviction of one whom they believe with reason to be guilty.

Appeal from the District Court of Jones County.   Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from a conviction of transporting intoxicating liquor; penalty, three years in the penitentiary.

The opinion states the case.

*Lon A. Brooks,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the district court of Jones County of transporting intoxicating liquor, and his punishment fixed at three years in the penitentiary.

The State's case showed apparently beyond question that appellant transported a small quanity of liquor in his car for a mile along a public road.   However, the main contention of the State seemed to be that appellant transported a larger quantity, and in its effort to show this the State proved that appellant was found in his car near the house of a Mr. Hodges, and that he was intoxicated and under the seat in his car were four full quarts of whiskey and on the seat of the car a bottle partly full of the same liquor.   The State's claim was that appellant had bought this whiskey and was

taking it out to sell to a thresher crew and became intoxicated and unable to go further. Appellant claimed that he was going along the road and met a negro and asked him if he knew where he could get anything to drink; the negro replied that he did and that for ten dollars he could get appellant four quarts of whiskey; that he told appellant he had a bottle with him which he gave to appellant and part of which appellant drank. The defensive testimony further sets forth that the negro agreed to meet appellant near the house of Mr. Hodges and bring the four quarts of whiskey. Appellant said that he drove to Mr. Hodges' place and waited for the negro and while there became so under the influence of liquor that he did not know what further transpired until he recovered consciousness after the officers had taken charge of him and his car and he was on the way to the county seat. When Mr. Hodges discovered appellant near his house drunk in a car he telephoned to the county seat for a deputy sheriff who came and the two of them then took appellant, the car and the whiskey to Anson. The deputy sheriff was testifying for the State and was asked by the prosecution if appellant recovered consciousness. The answer was that he did, and said he bought his whiskey at Lueders. At once counsel for appellant objected to this latter part of said statement on the ground that appellant was under arrest and unwarned. The objection was sustained. The name of the deputy sheriff who gave this testimony and who escorted appellant to jail on the occasion of his arrest was Bill McCarty. Complaint is made in another bill of exceptions that while appellant was on the stand testifying, he was asked if he did not tell Bill McCarty that he bought his whiskey in Lueders. To this appellant objected and insisted that the district attorney knew that the testimony would be inadmissible because at the time appellant was under arrest and unwarned, and that the only purpose in propounding such question would be to call the attention of the jury to the fact that defendant had made a statement to McCarty which was incriminating but to which the court had sustained objection and which was incompetent. The court sustained this objection made by appellant and instructed the jury not to consider the question or the answer. Another bill of exceptions shows that while appellant was being cross-examined the district attorney asked him if he ever told the officers of the county or anybody else that he bought the whiskey from John Armstead (Armstead being the negro above referred to). Objection was made to this question because of the fact that if appellant made any statement at all it was while he was under arrest and unwarned, and this fact was known to the district attorney, and that it was an effort to have the jury's attention called to the inadmissible testimony of the officer as to what appellant did say to him. The court sustained this objection. It is

100 Tex. Crim. 10.

further shown in the bill that while appellant was still on the stand and being cross-examined, the district attorney repeated the above question and compelled appellant to again object, which objection was again sustained by the court and the jury instructed not to consider said question for any purpose. By another bill it is shown that the district attorney in his argument to the jury stated to them that when W. I. McCarty, deputy sheriff, was bringing defendant to Anson to put him in jail for the commission of this offense, that the defendant then claimed to McCarty that he had bought this whiskey found in his car from a man at Lueders. Appellant objected to this argument because there was no testimony that he bought any whiskey from a man at Lueders, and that this was the testifying of the district attorney and that such statement could only be based upon matters to which the objection of appellant had been sustained by the court. The court sustained appellant's objection to this argument and instructed the jury not to consider same for any purpose.

We are unable to agree to the proposition that facts such as are presented in the matters set out above comport with the granting to one charged with crime in this State that fair and impartial trial guaranteed by the Constitution. The statement made by appellant to the deputy sheriff in effect that he had bought the whiskey which he had in is car from a man at Lueders, was a direct confession of guilt in this case and was incompetent and inadmissible because of the fact that appellant was under arrest and the statement not made after due warning. It is clear that testimony of this statement was given by Mr. McCarty in response to a question which did not call for such statement and was made at a time and under circumstances when appellant could not reasonably have anticipated that such statement would be made. It is not a case of one sitting by and permitting testimony to come in to which he should have made his objection. As soon as appellant could, he objected and the objection was sustained. To thereafter repeatedly ask questions calling for this same matter, could but rivet the jury's attention upon the statement of McCarty to which this objection was sustained. To make the argument to the jury just above set out was manifestly a repetition of the hurtful statement held by the trial court to be incompetent. The officers of this State cannot afford to indulge in sharp practice, even to secure a conviction of one whom they believe with reason to be guilty. The State had ample evidence in this case to convict appellant for the transportation of the bottle of liquor which he had in the seat with him, Gandy v. State, 268 S. W. 951, and if the verdict of the jury had been for the minimum penalty, we might have been constrained to say that because of the overwhelming proof of the transportation of this small quantity of

liquor, a conviction with such penalty should not be disturbed. However, the transportation of the larger quantity evidenced in part by the incompetent statement thus brought out and repeatedly referred to, may have enhanced the verdict and caused the jury to make appellant's penalty three years. In this state of the case we are unwilling to sanction such procedure or to hold it not sufficient cause for reversal.

For the reasons above set out the judgment will be reversed and the cause remanded.

*Reversed and remanded.*