## J. M. McELVEENE v. THE STATE.

No. 9804. Delivered March 17, 1926.

**1.—Transporting Intoxicating Liquor—Circumstantial Evidence—Charge On—Properly Refused.**

Where, on a trial for transporting intoxicating liquor, appellant was seen driving his car, and when accosted by an officer and another witness was found to be very drunk, with a small bottle of whiskey on the seat near him, and about four quarts of whiskey in the back of his car, a charge on circumstantial evidence was properly refused.

**2.—Same—Search and Seizure—When Authorized.**

Under Art. 690 of the Penal Code of 1925 it is not necessary for an officer to be provided with a search warrant to authorize the search of an automobile when same is used in the presence and view of said officer for the unlawful transportation of intoxicating liquor, and under this statute and the facts here presented, the officer was fully authorized to seize and search the automobile of appellant without first having obtained a search warrant.

Appeal from the District Court of Jones County. Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

This is the second appeal of this case. The first appeal will be found reported in 100 Tex. Crim. Rep. 144.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BÁKER, JUDGE.—The appellant was convicted in the District Court of Jones County for the offense of unlawfully transporting intoxicating liquor, and his punishment assessed at one year in the penitentiary.

This is the second appeal of this case to this court. The first appeal will be found in 272 S. W. 185, 100 Tex. Cr. R. 144. The record discloses that the appellant was seen driving along the public road in an automobile in a drunken stupor, and stopped at the barn and in sight of the residence of the state's witness Hodges, who, together with the deputy sheriff found the appellant to be very drunk, with a small quantity of whiskey in a bottle on the seat near him, and about four quarts in the back part of his car.

The appellant has not favored us with a brief in this case, but we find six bills of exception in the record.

Bill 3 complains of the court's refusal to charge on circumstantial evidence. We are of the opinion that the record clearly shows that this issue was not raised, and the court committed no error in refusing to charge on same. Hawkins v. State, 277 S. W. 1067.

Bills 4, 5 and 6 complain of the court's charge on the alleged defensive theory, and upon a careful examination of same, we think the court in his general charge properly applied the law to the facts as presented by the defense in this case, and there is no error of the court therein shown.

Bills 1 and 2 complain of the action of the court in admitting the testimony of the state's witnesses showing that they found the whiskey in question in appellant's automobile, because the officer had no search warrant authorizing him to search the automobile in question. We think, however, that the facts of this case come clearly under Art. 690 of the 1925 Penal Code, which does not require an officer to have a search warrant to authorize him to search an automobile when same is used in the presence and view of said officer for the unlawful transportation of intoxicating liquors. The deputy sheriff was fully authorized, under this statute and the facts here presented, to seize and search said automobile without first obtaining a warrant therefor.

After a careful examination of the entire record, we are of the opinion that the judgment of the trial court should be in all things affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.