ORB RANGLEY v. THE STATE.

No. 11714.   Delivered October 31, 1928.
Rehearing denied November 28, 1928.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the state.

MARTIN, JUDGE.—Offense, the unlawful transportation of intoxicating liquor; penalty, one year.

The sufficiency of the evidence to sustain the conviction has been raised in various ways by appellant.

Officers observed appellant approaching in an automobile on a public highway. They stopped their car and alighted, whereupon appellant turned his car around and fled in the opposite direction, they pursuing. The flight continued for several miles, during which appellant was seen to be beating something in the front of his car with a hammer and glass was flying. A stream of liquid flowed from the car, which the officers testified was corn whiskey. Another witness examined the road where this liquid had poured and testified that it had the odor of corn whiskey. The appellant stopped at the county line and in a conversation with the officers "he said if we would smooth it over and not do anything with him he would turn in every bootlegger in Hillsboro." The floor in the front end of his car was shown to be wet and to have the odor of corn whiskey on it.

We think the circumstances were sufficient to show the appellant's guilt. Under the view of a majority of the Court it was not necessary to show that he was transporting more than a quart of intoxicating liquor. Gandy v. State, 99 Tex. Crim. Rep. 143; Perez v. State, 99 Tex. Crim. Rep. 489.

The statement of appellant quoted above as to his turning in bootleggers was made while he was under arrest and was objected to. The bill is qualified by the Court to show that it was asked by the State after appellant had brought out a part of the same conversation. It has been many times held that the State may prove the remainder of a conversation or declaration on the same subject which is explanatory of the part introduced by defendant. Spearman v. State, 34 Tex. Crim. Rep. 281; Branch's P. C., Sec. 91. As qualified, we do not think this bill presents error.

We have examined all of appellant's bills and finding no error in any of them, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In a case where officers pursued appellant a considerable distance, during which time he was observed hammering repeatedly upon something in his car while driving rapidly down the road, also streams of whisky were seen running from the car, it would appear of little moment that in our opinion the whisky was called corn whisky, and it was stated that glass was flying. The State witnesses testified that for about a half mile of said distance appellant was driving his car thirty-five or forty miles an hour, holding the steering wheel with one hand while hammering with a claw hammer upon something in the front of his car with the other hand. That about the time he began hammering and racing his car the stream of whisky was observed flowing from the bottom of the car. One of the witnesses called the whiskey corn whiskey, and said that it smelled like corn whisky. The testimony seems so ample to support the conviction, that the inadvertent statement about the flying glass in the opinion referred to would make no difference in the conclusion.

Complaint is made that we did not notice a bill of exceptions from which we learn that the appellant asked a State witness on cross-examination "If he had thrown that sack out, you would have seen it, wouldn't you?" The State's objection to this was sustained. The answer would have been affirmative. The probative force of such answer seems remote and entirely speculative. In view of the positive testimony of the witnesses as to what they did see and smell, the fact that the officers did not see any sack thrown out of the car, would be wholly unlikely to cause any change in the jury's view. Not only was the stream of whisky seen flowing from appellant's car for a half mile of said race, but also when overtaken the floor of the car was wet and there was more evidence of the same odor.

Being unable to agree with appellant's contentions, the motion for rehearing is overruled.

*Overruled.*