## O. V. McElmurry v. The State.

No. 16118. Delivered November 15, 1933.
Reported in 65 S. W. (2d) 295.

The opinion states the case.

*H. L. Heatly,* of Waco, and *C. Willard Brown, L. L. Geren,* and *L. W. Shepperd,* all of Groesbeck, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for one year.

A state highway patrolman saw two men driving a Ford touring car with defective lights. He followed the car into town and, as it turned into a filling station, ran in behind it, and stopped. According to his testimony, one White was driving the car and appellant was riding on the front seat with him. He testified that after stopping at the filling station he asked appellant what was wrong with the lights on the car, and that appellant, who had gotten out of the car, replied that he thought the lights were all right. He said that appellant went to the headlights and apparently attempted to fix the light that was not burning, while White went to the rear of the car and attempted to remedy the rear light. Further, he testified that appellant and White appeared to be nervous. He said that White asked him if he had a flashlight, as he wanted to go back of the filling station to see if he could find some wire. He testified that as White asked this question, he (the officer) walked to the other side of the car, and that appellant and White both ran away. The witness looked in the car and found on the floor, under a quilt, between the front and back seat, 21 gallons of whisky. The car and whisky were turned over to other officers, who instituted a search for appellant and White. One of the officers arrested appellant and White about six and one-half miles out on the highway. Appellant denied that he was in the automobile searched by the officers, saying that he and White, who was his brother-in-law, were hitch-hiking their way along the highway on the occasion in question, in an effort to reach Waco.

It appears from the testimony of the highway patrolman that, prior to the present trial, he had received information that the automobile in which the whisky was discovered was not registered in either appellant's or White's name, but was in the name of a man living in Bell county.

Appellant excepted to the charge of the court for its failure to embrace an instruction covering the law of circumstantial evidence. According to the state's testimony, the officer ran into the filling station immediately behind the car as it was being driven by White. After appellant and White fled, he looked in the car and found whisky. The fact that the whisky was transported thus appeared to have been established by direct evidence. In Hawkins v. State, 277 S. W., 1067, it was

said: "One whose case presents positive evidence that he was seen driving a vehicle in such fashion as that its contents were by him being transported from one place to another, cannot assert said case to be one on circumstantial evidence because of the fact that the contents of such vehicle are not known to be whisky until search thereof reveals the fact." In Davis v. State, 267 S. W., 513, it was shown that Davis was driving a wagon along the road. With him were his wife, and a boy, who fled when he discovered the officers. When the officers stopped the wagon it was discovered there was a quantity of whisky suspended in a sack from a spring in the spring seat. There was also a bottle of whisky on the seat under a quilt. Davis defended on the ground that the sack had been placed in the wagon by the boy who had fled upon the approach of the officers. He testified that he did not know that there was whisky in the sack and had no knowledge he was transporting whisky. This court reached the conclusion that the facts did not call for a charge on circumstantial evidence. Manifestly, if White had been upon trial a charge on circumstantial evidence would not have been required as to him. See McElveene v. State, 281 S. W., 873. It is true that the car belonged to neither appellant nor White. Nevertheless, they were exercising control over it during the time in question. Upon being questioned by the officer concerning his lights, appellant said he thought the lights were all right. He got out of the car and apparently attempted to fix one of the front lights, while White was working on the rear light. That he was acting with White, who was his brother-in-law, in operating the car appears to have been established by direct testimony. In the case of Reid v. State, 271 S. W., 625, the conviction was for transporting intoxicating liquor. The car in which Reed was riding was shown by the state's testimony to belong to one Barrett, who was driving the car along a public highway accompanied by Reed and one Hollis. Officers apprehended the parties and found a quantity of whisky in the car between the front and rear seats. Reed and Hollis were riding in the rear seat. Reed testified that Barrett had invited him to ride with him, and that Hollis joined the party upon his (Reed's) invitation. He said, further, that at a point on the highway some jugs had been placed in the car, which he thought contained intoxicating liquor, but that he had had no previous information that Barrett intended to put liquor in the car. His testimony was, in substance, to the effect that he did not know that there was whisky in the car. He declared that he did not want to walk back in the night, and concluded to ride in Barrett's car and take chances on encoun-

tering officers. This court reached the conclusion, in reviewing the facts, that a charge on circumstantial evidence was not required. See, also, Dunlap v. State, 274 S. W., 564. In Davis v. State, supra it was said "The main fact, which was the transportation of the intoxicating liquor, was proven by direct testimony. The question as to whether the appellant knew he was sitting on a bottle of whisky, or that a quantity of whisky was tied to the springs of his spring seat, being the only question upon which any doubt was cast by the testimony of himself and wife, we do not think it a case of circumstantial evidence, and that it was not error to refuse to charge thereon." We are constrained to overrule appellant's contention that the failure of the court to submit a charge covering the law of circumstantial evidence presents reversible error.

It is unnecessary to determine whether appellant's objection to the testimony of the highway patrolman touching the finding of the whisky was well taken. Another highway patrolman, who testified for the state, gave substantially the same testimony touching the amount of whisky found in the automobile. To his testimony appellant interposed no objection. Substantially the same criminative facts having been testified to without objection by the witness last mentioned, appellant is in no position to assert that the testimony of the first officer, if erroneously received, should work a reversal. Jones v. State, 27 S. W. (2d) 180, and authorities cited.

The bill of exception relating to the refusal of the court to grant appellant's second application for a continuance is qualified by the trial judge as follows: "This case was on Nov. 28, 1932, at the Nov.-Dec. Term set for trial on Dec. 5th. A subpoena was issued for the witness Clyde Thorpe on Dec. 3, 1932, for the witness to appear on Dec. 5th. When the case was called for trial on Dec. 9, 1932, the case was continued on the application of defendant because of the absence of the witness Clyde Thorpe. On February 6, 1933, the case was again set for trial on Feb. 20, 1933, but was not reached or called for trial until Feb. 23. On February 15, 1933, the defendant made application for a subpoena for the witness Clyde Thorpe of Smith County; and a subpoena was duly issued on that date, but had not been returned at the time of the trial of this cause on Feb. 23, 1933. No effort was made by defendant or his counsel to have subpoena issued for the attendance of said witness from the time of the continuance of the case on Dec. 9, 1932, until the application for a subpoena made on Feb. 15, 1933, although the defendant's counsel, Mr. Heathley, stated to the trial court, in open court, at the time of the presentation of the second mo-

632

tion for continuance that said counsel knew that the witness Clyde Thorpe resided at Tyler, that he had been in correspondence with him since the Nov.-Dec. term of this court." The qualification of the court discloses that appellant failed to use sufficient diligence. The burden was upon appellant to establish the exercise of diligence in support of his application. Walker v. State, 60 S. W. (2d) 455, and authorities cited.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.